Lawrence A. Organ (SBN 175503)
Julianne K. Stanford (SBN 290001)
Kira Brekke (SBN 339757)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960
Tel. (415) 453-4740
Fax (415) 785-7352
Email: larry@civilrightsca.com
        julianne@civilrightsca.com
        kira@civilrightsca.com

Matthew C. Helland, (SBN 250451)
helland@nka.com
Jasjit Kaur Mundh (SBN 341455)
jmundh@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Anna P. Prakash, MN Bar No. 0351362*
aprakash@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*Pro Hac Vice Application Forthcoming

Attorneys for Plaintiff and the Putative Class

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reyna Dempsey, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>Government Employees Insurance Company, United Healthcare Services, Inc., UnitedHealth Group Incorporated, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>**(1)   Discrimination on the Basis of Sex and Sexual Orientation in Violation of FEHA – Disparate Treatment (Cal. Gov. Code § 12940)**<br><br>**(2)   Discrimination on the Basis of Sex and Sexual Orientation in Violation of FEHA – Disparate Impact (Cal. Gov. Code § 12940)**<br><br>**(3)   Discrimination on the Basis of Sex in Violation of § 1557 of the Affordable Care Act (42 U.S.C. § 18116)**<br><br>**(4)   Unlawful Business Act or Practice in Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.)** |

**(5)     Discrimination in Violation of the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 52)**

**(6)     Unjust Enrichment**

**JURY TRIAL DEMANDED**

**CLASS ACTION**

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION

## SUMMARY

1. This civil rights class action is about sex and sexual orientation discrimination in the provision of fertility services—specifically, GEICO and UnitedHealth's discriminatory health insurance policy and associated practices that deny equal access to fertility treatment to individuals in non-heterosexual relationships[1] where one partner is attempting to conceive. Plaintiff Reyna Dempsey ("Dempsey" or "Plaintiff") and her wife are one such couple.

2. Defendant Government Employees Insurance Company ("GEICO"), Defendant United Healthcare Services, Inc. and UnitedHealth Group Incorporated (collectively "Defendants") provide coverage for fertility treatments services under their health insurance policy.

3. Defendants' policy, however, requires that an individual meet the definition of infertility through one of three means: (a) 6 months to one year of unprotected sex not resulting in conception; (b) a medical diagnosis of infertility; or (c) 6 months to one year of failed Therapeutic Donor Insemination. If an individual can show one of these three means, then Defendants cover fertility services, which includes in vitro fertilization ("IVF") treatments.

4. For heterosexual couples, option A is available and allows them to receive IVF without incurring any out-of-pocket expenses. For non-heterosexual couples, option A is not available because they are not provided IVF even if they make the same report of failure to conceive after six months to one year of unprotected sex. Option B, medical infertility, requires receiving a medical diagnosis. While heterosexual couples have three pathways to access IVF treatments, non-heterosexual couples are often left only with option C: covering their own fertility services for a requisite period of time until they satisfy Defendants' plan, which is elaborate, excessive, and costly. This is blatant sex and sexual orientation discrimination.

5. To further explain, in June of 2020, when Plaintiff Dempsey and her wife were excitedly preparing to start a family, they reviewed the health insurance policy they had through Defendants.

6. They were shocked to learn that to qualify for fertility benefits, Plaintiff Dempsey

---

[1] "Non-heterosexual relationships" include same-sex couples and relationships, but also include couples and relationships with at least one nonbinary person, i.e., a person whose gender identity does not fit within the traditional construction of gender as exclusively male or exclusively female.

as an individual in a non-heterosexual relationship would have to either receive a medical diagnosis of infertility from Defendants' doctors, which she did not have, or undergo one year of Therapeutic Donor Insemination, which allowed for different types of therapeutic services for the treatment of infertility including intrauterine insemination ("IUI"), a procedure that required medical intervention. Heterosexual couples, on the other hand, could merely self-report having unprotected sex for one year to qualify for fertility benefits.

7.     As a result, Plaintiff Dempsey then underwent eight cycles of IUI over the course of 16 months. Each cycle cost her approximately $2,700. This number and length of IUI treatments is medically unnecessary and excessive. In fact, Plaintiff underwent these treatments because of Defendants' policy, despite the treatments being against the advice of her doctor, costing her thousands of dollars, and causing her extreme emotional distress.

8.     Plaintiff repeatedly contested Defendants' denial of her fertility services and requested they change their discriminatory policy.

9.     Accordingly, Plaintiff now brings this action against Defendants for compensatory damages and punitive damages pursuant to California Civil Code Section 3294, pre-judgement interest pursuant to California Code of Civil Procedure Section 3291, and costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b) and California Code of Civil Procedure Section 1021.5.

10.     Plaintiff brings this action as a class action on behalf of all other individuals in a non-heterosexual relationship who, while trying to conceive, were subjected to Defendants' discriminatory policy and practices of requiring them to receive diagnoses, undergo treatments, and/or spend money that heterosexual individuals did not have to receive, undergo, or spend to receive fertility treatments.

## JURISDICTION AND VENUE

11.     This action is based on Plaintiff's claims of discrimination against Defendants, which arise under the 42 U.S.C. § 18116. This court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

12.     This court also has supplemental jurisdiction over Plaintiff's related state law claims

-4-

under 28 U.S.C. § 1367. Plaintiff's state law claims arise from the same common nucleus of operative facts as the underlying federal claims. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to all parties.

13. This court has personal jurisdiction over Defendant GEICO, which is incorporated in the state of Maryland with its corporate offices and principal place of business located in Maryland. This court has personal jurisdiction over Defendant United HealthCare Services, Inc. which is incorporated in the state of Minnesota with its corporate offices and principal place of business located in Minnesota. This court has personal jurisdiction over Defendant UnitedHealth Group Incorporation, which is incorporated in California and has its principal place of business in Wyoming.

14. Because there is complete diversity between the parties in this action, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the jurisdictional minimum of this Court.  This Court also has jurisdiction over Plaintiff's and the Class Members' causes of actions alleged herein under section 28 U.S.C. § 1332(d), because this is a class action in which the amount in controversy exceeds $5,000,000 and the named Plaintiff, and some class members, are citizens of a different state than one or more of the Defendants.

15. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), because the acts and omissions of Defendants complained of herein occurred in San Benito County, California.

16. DIVISIONAL ASSIGNMENT: Pursuant to Local Rule 3-2(c) and (e), this action is properly assigned to the San Jose Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Benito County, California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On June 29, 2023, Plaintiff Dempsey timely filed two charges of discrimination with the Equal Employment and Opportunity Commission ("EEOC") against Defendant GEICO and Defendant United HealthCare Services, Inc. On July 5, 2023, the EEOC issued Right-to-Sue Notices for both charges. The EEOC cross-filed her complaints with California's Civil Rights Department ("CCRD"). On December 14, 2023, Plaintiff Dempsey timely filed a charge of

1    discrimination with the CCRD on behalf of herself and similarly situated employees against

2    Defendant GEICO, Defendant United Healthcare Services, Inc., and Defendant UnitedHealth

3    Group Inc. On December 20, 2023, the CCRD issued a Right-to-Sue Notice. A complainant has

4    three years from the date of an unlawful practice to file a complaint with the CCRD. Cal. Gov.

5    Code § 12960(e)(5). Accordingly, Plaintiff has timely exhausted the administrative remedies. A

6    true-and-correct copy of Plaintiff's charges and Right-to-Sue Notices are attached to this complaint

7    as Exhibit A.

8           18.    While exhaustion is not required under the Affordable Care Act, Plaintiff Dempsey

9    nonetheless exhausted her remedies on numerous occasions by submitting written complaints to

10   Defendants about its discriminatory fertility policy asking it to change its policy and cover her

11   fertility services. Defendants consistently denied her requests.

12                                        **PARTIES**

13          19.    Plaintiff Dempsey is, and at all times mentioned in this Complaint was, an adult

14   resident of San Benito County in the State of California. Plaintiff was employed by Defendants

15   within the meaning of Section 12926 of the California Government Code.

16          20.    Defendant GEICO is, and at all times mentioned in this Complaint was, a

17   corporation formed and headquartered in Maryland and authorized to do business in the United

18   States and in the State of California, and as such are subject to the laws of the United States and the

19   State of California. Defendant GEICO has employed Plaintiff as a Virtual Total Loss Auto

20   Damage Adjuster II since December 26, 2017, and is an employer as defined in California

21   Government Code Section 12926 because it regularly employees five or more persons.

22          21.    Defendant United HealthCare Services, Inc. is a corporation formed and

23   headquartered in Minnesota and is a wholly-owned subsidiary of UnitedHealth Group

24   Incorporation, a California corporation headquartered in Wyoming (collectively "the UHG

25   Defendants"). The UHG Defendants are, and at all times mentioned in this Complaint were,

26   authorized to do business in the United States and in the State of California, and as such is subject

27   to the laws of the United States and the State of California. The UHG Defendants are recipients of

28   federal subsidies and are employers as defined in California Government Code Section 12926

because it regularly employees five or more persons. The UHG Defendants acted as Defendant GEICO'S agent within the meaning of Section 12926 by acting as the claims administrator for Defendant GEICO's health benefits, a term and condition of employment.

22.     In addition to the Defendants named above, Plaintiff sues fictitious Defendants Does 1-10, inclusive, because their names, capacities, status, or facts showing them to be liable are not presently known. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and such Defendants caused Plaintiff's damages as herein alleged. Plaintiff will amend this complaint to show their true names and capacities, together with appropriate charging language, when such information has been ascertained.

23.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to the remaining Defendants.

24.     Finally, at all times relevant herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## **FACTUAL ALLEGATIONS**

25.     At all relevant times prior to July 2023, Defendants' health insurance policy for fertility benefits discriminated against individuals in a non-heterosexual relationship who tried or wanted to conceive while being subjected to Defendants' policy.

26.     Specifically, in order to receive fertility benefits, an individual was required to demonstrate:

>     (A) 6 months to one year of sexual intercourse without a pregnancy; or

>     (B) a medical diagnosis of infertility unrelated to voluntary sterilization or failed reversal of voluntary sterilization;[2] or

---

[2] The policy states:
- To meet the definition of Infertility you must meet one of the following:
  - o   You are not able to become pregnant after the following periods of time of regular unprotected intercourse or Therapeutic Donor Insemination:

1

(C) 6 months to one year of Therapeutic Donor Insemination without a pregnancy.

2

27.     For non-heterosexual couples, Option A is not possible by virtue that individuals in

3

a non-heterosexual relationship cannot get pregnant through sexual intercourse with each other.

4

Heterosexual couples, however, can use Option A and merely self-report having unprotected sex

5

for 6 months to one year, depending on age, without pregnancy to receive fertility benefits.

6

28.     Option B requires a medical diagnosis.

7

29.     That leaves Option C, a method of achieving pregnancy without sexual intercourse,

8

which allows for different types of therapeutic services for the treatment of infertility including IUI.

9

IUI requires medical intervention whereby doctors place sperm directly into a woman's uterus

10

using a small catheter. It requires repeated blood tests, ultrasounds and trigger shots[3] before and

11

after each procedure. Defendants' policy required 6 months of this procedure for women 35 and

12

older and one year of this procedure for women under 35. Research shows that the vast majority

13

(90-95%) of successful IUIs happen within three to four attempts.[4] Moreover, IUI can cost

14

anywhere from $460-$3,000 per procedure. IVF, which has higher success rates than IUI, can cost

15

between $15,000 and $30,000 per cycle.  Critically, fertility services are largely uncovered by

16

Defendants' insurance scheme until an individual has completed Options A, B or C.   In short,

17

heterosexual couples can simply report not conceiving after unprotected sex and receive covered

18

fertility treatments, which includes IVF. Non-heterosexual couples cannot.

19

20

- ▪ One year, if you are a female under age 35.
- ▪ Six months, if you are a female age 35 or older.
- o You are female and have failed to achieve or maintain a pregnancy due to impotence/sexual dysfunction;

21

22

- o You are female and have infertility that is not related to voluntary sterilization or failed reversal of voluntary sterilization.
- o You are male and have a diagnosis of a male factor causing infertility (e.g. treatment of sperm abnormalities including the surgical recovery of sperm).

23

- • You have infertility that is not related to voluntary sterilization.

24

- • You are a female:
  - o Under age 44 and using own oocytes (eggs).

25

- o Under age 55 and using donor oocytes (eggs).
- • Not a child dependent.

26

[3] A trigger shot starts the ovulation cycle to achieve the optimal time to conceive a baby.

27

[4] See Paul C. Magarelli MD PhD, IUI Success Rates, CNY Fertility, (Sept. 21, 2023),

28

https://www.cnyfertility.com/iui-success-rates/.

30.     Seemingly recognizing this, Defendants changed their insurance policy in July of 2023 to add having a same-sex partner to the definition of infertility. That is, rather than receiving a diagnosis of infertility or undergoing up to a year of medical procedures, one can report having a same-sex partner as a basis for receiving fertility benefits.[5]

31.     But July 2023 was too late to avoid discriminating against and inflicting harm on Plaintiff Dempsey and participants in Defendants' insurance policy who tried to conceive while in a non-heterosexual relationship before that date.

32.     Like other participants in non-heterosexual relationships who were trying to conceive, Plaintiff Dempsey was discriminated against on the basis of sex when she and her wife began planning to start a family in 2020. Option A of having unprotected sex to conceive was unavailable to them. Regarding Option B of the medical diagnosis of infertility, Plaintiff Dempsey's own doctor had given her a diagnosis of unspecified female infertility in July 2020 but Defendants would not accept that and required her to undergo blood tests by Defendants' fertility specialists. They did not find her infertile. Thus, Plaintiff Dempsey was only left with Option C: IUI.

33.     Knowing that heterosexual couples merely had to abide by an honor system of self-reporting having unprotected sex for a year without a pregnancy and that she, by being in a non-heterosexual relationship, would have to endure medical procedures for a year, Plaintiff Dempsey requested that her fertility benefits be covered by Defendants. She was denied on April 5, 2021.

34.     From April 5, 2021 when she had her first IUI cycle to August 24, 2022, Plaintiff Dempsey underwent *eight* IUI cycles over a period of 16 months. Throughout that time, Plaintiff Dempsey's requests for coverage continued to be denied, e*ven after she satisfied Defendants' discriminatory policy of undergoing IUI for six months to  one year*. Each IUI cycle required Plaintiff Dempsey to visit the clinic before and after—often times more than once in one week—

---

[5] Specifically, the policy began to define "infertility" as either:
- The inability to conceive a pregnancy or to carry a pregnancy to a live birth after a year or more of regular opposite sex/heterosexual relations without contraception; or
- The presence of a demonstrated condition recognized by a licensed physician who is a network provider as a cause of Infertility; or
- A same sex partner may be considered infertile.

for blood tests, ultrasounds, and trigger shots, the latter of which left her with side effects including headaches and swelling. She also had to take medication to help with the cycles including Clomid and Letrozol, which produced severe side effects including extreme chest and heart pain, back pain, loss of feeling in my lower extremities, panic attacks and anger outbursts, which impacted her ability to work.

35.     In just one month from April 5, 2021 to May 5, 2021, Plaintiff Dempsey visited the clinic *eight times*. Per the policy, "*Covered Persons who do not live within a 60 mile radius of a Fertility Solutions Designated Provider will need to contact a Fertility Solutions case manager to determine a Network Provider prior to starting treatment*" (emphasis added). Yet, in conversations with Defendants' case manager, Plaintiff Dempsey was still required to utilize one of their designated providers, even though the closest one was two hours, and over 60 miles, from where she and her wife live. This required her to take significant time off work and endure mounting gas bills. *Each* IUI treatment cost her approximately $2,700 in medical bills, gas and medication.

36.     Plaintiff's first IUI procedure was unsuccessful. Her successive IUI cycles took place on: May 8, 2021, June 10, 2021, August 30, 2021, September 28, 2021, and November 16, 2021. In those six months, she visited the clinic approximately 20 times for blood tests, x-rays, ultrasounds and shots. After each unsuccessful IUI, Plaintiff Dempsey felt despondent and hopeless.

37.     After her sixth IUI cycle on November 16, 2021, Plaintiff Dempsey became pregnant. She and her wife were elated after enduring seven months of doctor visits, medications, medical procedures, and emotional distress. Approximately one month later, Plaintiff Dempsey tragically suffered a miscarriage.

38.     Given Defendants' discriminatory policy caused her such extreme emotional distress, she continued to complain and request coverage. On December 15, 2021, she spoke with the UHG Defendants' Fertility Solutions regarding her previous denials. She was again told she would not be covered because she hadn't completed one year of IUI. On January 3, 2022, she sent a letter to Defendant GEICO "requesting that GEICO revisit its fertility coverage policy as it has become clear that it is discriminatory against non-heterosexual individuals, including same sex

couples." She wrote that she had expended $15,000 to date on fertility care and that the "policy as written is discriminatory and places an unreasonable burden on non-heterosexual couples." Defendants denied her request on January 24, 2022.

39.     On March 1, 2022, Plaintiff Dempsey's doctor, Evan Rosenbluth, who is one of the UHG Defendants' Fertility Solutions specialists, submitted a letter of medical necessity to Defendants that she not continue undergoing additional IUI cycles. The letter read: "The patient saw me for a consultation on 12/22/2021 for the condition: Male infertility (same sex female partner, oligomenorrhea, oligoovu[l]ation, and abnormal uterine bleeding). Prior to seeing me she has been treated with 7 unsuccessful IUI cycles. This is more IUI cycles than is typically recommended by board certified reproductive endocrinologists." He wrote that the "medically appropriate course of action" was IVF "to optimize her chance for a healthy child."

40.     On March 29, 2022, Defendants denied Dr. Rosenbluth's appeal again stating that Plaintiff Dempsey did not meet their definition of infertility. They did not reference Dr. Rosenbluth's infertility diagnosis.

41.     In April of 2022, twelve months after Plaintiff Dempsey's first IUI cycle, she satisfied Defendants' definitions of infertility by actively undergoing IUI for one year without a successful pregnancy[6]. She wrote a second level appeal letter to Defendants on May 10, 2022 explaining as much and included medical documentation that she had been given separate diagnoses of female infertility and irregular periods dating back to July of 2020. In the letter, she wrote, "[B]y requiring individuals like myself in same-sex relationships to first expend tens of thousands of dollars in IUI treatments prior to extending coverage you are inflicting a monetary burden that other individuals under the plan do not have to shoulder. This is clear discrimination based on my sexual orientation." Plaintiff Dempsey did not receive a response to her letter. On July 24, 2022 and August 24, 2022, she received her seventh and eight cycles of IUI, against her doctor's orders.

42.     On August 4, 2022, Defendants informed her that her May 10th appeal letter was

---

[6] There were some months Plaintiff Dempsey had to miss an IUI cycle due to contracting COVID-19 and other personal reasons.

ignored because of a technicality in how she submitted her letter. She re-submitted it on August 5, 2022. Defendants again denied her coverage on September 7, 2022. She continued to attend doctor's appointments for ultrasounds and blood draws in anticipation of having to undergo additional IUI cycles in the hopes of getting pregnant.

43.     In October of 2022, Plaintiff Dempsey was informed that Defendant GEICO was changing insurance administrators from the UHG Defendants to Cigna in January of 2023. Despite repeated calls to Defendants, she was not told what her fertility benefits would be under the new policy, causing her distress and anxiety.

44.     On November 2, 2022, the UHG Defendants reversed course and informed Plaintiff Dempsey that they would start covering her fertility treatment because she was given a "new" diagnosis of ovarian dysfunction -- even though she had received the "new" diagnosis nearly a year ago, and the UHG Defendants continued to deny coverage over that nearly year-long period.

45.     In March of 2023, shortly after Defendant GEICO began covering her IVF treatments, she became pregnant. She gave birth at the end of 2023. She and her wife are overjoyed. But there was no need for her to undergo the pain, suffering, and expense she had to endure to get to this outcome.

46.     Plaintiff Dempsey has suffered both economic damages and immense emotional distress as a result of Defendants' discriminatory policy.

47.     So, too, have other individuals in non-heterosexual relationships who tried to conceive while subject to Defendants' unfair and discriminatory insurance scheme.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff, on behalf of herself and all similarly situated individuals, brings this case as a class action under Rule 23 of the Federal Rules of Civil Procedure.

49.     Plaintiff asserts her claims against Defendants on behalf of the following Classes.

50.     **California Class:** The Proposed California Class is defined as all GEICO employees in non-heterosexual relationships who were enrolled in the GEICO Corporation Medical, Dental and Vision Care Plan (the "Plan") within the State of California at any point from three years prior to July 5, 2023 through July 2023, who sought fertility benefits under the Plan.

-12-

51.     **Nationwide Class:** The proposed Nationwide Class is defined as all individuals in non-heterosexual relationships who were enrolled in a United Health Group or United HealthCare medical plan wherein the eligibility criteria for Infertility Services are the same or substantially similar to the requirements in the GEICO Corporation Medical, Dental and Vision Care Plan  in the United States at any point from four years prior to this action's filing date through July 2023, who sought fertility benefits under their applicable health insurance plan.

52.     Plaintiff and the proposed Classes have been equally affected by Defendants' violations of law.

53.     The persons in the proposed Classes are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, there are more than 40 individuals in the proposed Classes and/or the class members are so numerous that joinder would be impracticable.

54.     The common questions of law and fact include, but are not limited to:

     a.   Whether the UHG Defendants are an employer of Plaintiff and members of the California Class under FEHA, Gov. Code § 12940;

     b.   Whether Plaintiff and members of the California Class are members of a protected class for purposes of FEHA, Gov. Code § 12940;

     c.   Whether Plaintiff and members of the California Class suffered adverse employment action(s) in seeking treatment for fertility services under the Plan;

     d.   Whether the Plan treated individuals in heterosexual relationships more favorably than individuals in non-heterosexual relationships;

     e.   Whether the Plan had a disparate impact on Plaintiff members of the California Class by imposing additional conditions on them before they could secure fertility benefits;

     f.   Whether Plaintiff and members of the California Class are entitled to punitive damages;

     g.   Whether the Affordable Care Act prohibits discrimination based on sex;

-13-

h.  Whether the UHG Defendants qualify as a health program or activity subject to Section 1557 of the ACA;

i.  Whether the UHG Defendants receive federal financial assistance;

j.  Whether the UHG Defendants discriminated against Plaintiff and members of the Nationwide Class in the provision of healthcare services;

k.  Whether Defendants' construction, offering, and administration of the Plan is a business practice under the UCL;

l.  Whether Defendants engaged in an unlawful business practice through the construction, offering, and administration of the Plan;

m.  Whether the Plan violated California Health and Safety Code Section 1365.5;

n.  Whether the Plan was a contract between Defendants and Plaintiff Dempsey and Defendants and California Class Members;

o.  Whether fertility benefits were considered benefits or coverage under the Plan;

p.  Whether Defendants' fertility benefits in the Plan were limited and exclusionary based on sex and/or sexual orientation;

q.  Whether Defendants are business establishments for purposes of the Unruh Act;

r.  Whether Defendants, through provision of the Plan, denied Plaintiff and California Class Members the full and equal advantages, accommodations, access to facilities, privileges of membership, and/or services because of sex and/or sexual orientation;

s.  Whether Defendants were unjustly enriched at the expense of Plaintiff and the Class Members;

55.  The questions of law and fact listed above will yield common answers for the classes.

56.  Plaintiff's claims are typical of the class. Plaintiff Dempsey is an individual in a non-heterosexual relationship who is currently employed by Defendant GEICO who was enrolled

-14-

in the Plan from 2017 to 2022.

57.     Plaintiffs will fairly and adequately represent the interests of the proposed Classes and have retained counsel experienced in complex class action litigation. Plaintiff is represented by Nichols Kaster, PLLP, a leading law firm with significant expertise representing plaintiffs across the country in employment and class action matters, including class discrimination cases and class actions under the Affordable Care Act. Plaintiff is also represented by the California Civil Rights Law Group, a prominent California law firm with a long history of successfully representing plaintiffs in discrimination cases and significant experience prosecuting discrimination class actions.

58.     Class treatment is appropriate under Fed. R. Civ. P. 23(b) because questions of law or fact common to class members predominate over any questions affecting only individual members. Moreover, a class action is superior to individual litigation because common questions may be resolved efficiently for the entire class. Putative class members do not have an interest in individually controlling the litigation and, as far as Plaintiff is aware there is no pending litigation concerning the matters in this complaint.

**FIRST CAUSE OF ACTION**
**Discrimination on the Basis of Sex and Sexual Orientation in Violation of FEHA**
**Cal. Gov. Code § 12940, *et seq*. – Disparate Treatment**
**(By Plaintiff and the California Class Against all Defendants)**

59.     Plaintiff Dempsey incorporates by reference the allegations set forth in the preceding paragraphs.

60.     In relevant part, California Government Code section 12940(a) provides that it shall be unlawful for an employer to discriminate against employees in the terms and conditions of their employment because of their sex and/or sexual orientation.

61.     FEHA defines "employer" as including "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly." Cal. Gov. Code, § 12926. At all relevant times, Defendants regularly employed more than five persons and all Defendants acted as agents of all other Defendants in committing the acts alleged herein and as such qualify as Plaintiff's employers under FEHA. The UHG Defendants are liable under FEHA

1    as an agent of Defendant GEICO because Defendant GEICO delegated an essential term and

2    condition of employment, i.e. insurance benefits administration, to the UHG Defendants who acted

3    on Defendant GEICO's behalf.  "[H]ealth insurance and other fringe benefits are 'compensation,

4    terms, conditions, or privileges of employment.'" *Newport News Shipbuilding & Dry Dock Co. v.*

5    *E.E.O.C.*, 462 U.S. 669, 682-83 (1983).

6          62.    Disparate treatment means that "the employer simply treats some people less

7    favorably than others because of their race, color, religion, sex, or national origin." *Int'l Bhd. of*

8    *Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977).

9          63.    A plaintiff can establish a prima facie case by showing that "(1) [s]he belongs to a

10    protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse

11    employment action; and (4) similarly situated individuals outside [her] protected class were treated

12    more favorably." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th

13    Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

14          64.    As an individual in a non-heterosexual relationship, Plaintiff Dempsey is a member

15    of a protected class by virtue of her sex and sexual orientation.

16          65.    Plaintiff Dempsey suffered an adverse employment action because she has been

17    discriminated against in compensation, terms, conditions, or privileges of employment by being

18    denied equal access to infertility benefits under Defendants' insurance policy.

19          66.    Defendants' policy treated heterosexual individuals more favorably than individuals

20    in non-heterosexual relationships. The policy required these individuals to undergo repeated time-

21    consuming and expensive medical procedures as part of IUI to receive fertility benefits.

22    Heterosexual couples merely had to self-report that they engaged in 6 months to one year of sexual

23    intercourse without pregnancy to receive fertility benefits. This was not available to individuals in

24    non-heterosexual relationships. Plaintiff Dempsey was forced to pay tens of thousands of dollars,

25    undergo painful medical procedures, and spend large amounts of time to gain access to the fertility

26    benefits solely because she and her partner are in a non-heterosexual relationship. A heterosexual

27    couple in the same position could access the fertility benefits without cost, undergoing medical

28    procedures, or spending large amounts of time merely by asserting that they had engaged in

1    unprotected sexual intercourse for one year without pregnancy.

2        67.    As a direct, legal and proximate result of the discrimination, Plaintiff and the

3    putative classes have suffered damages, including emotional distress, lost wages and other

4    economic damages, in an amount to be proven at trial.

5        68.    By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys

6    to prosecute the action on her behalf. Pursuant to California Government Code § 12965(b), as a

7    result of Defendants' conduct, Plaintiff and the putative classes are entitled to recover attorneys'

8    fees, costs, and expert witness fees.

9        69.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent,

10   despicable, and oppressive manner, entitling Plaintiff and the putative classes to punitive damages

11   against Defendant.

### SECOND CAUSE OF ACTION
**Discrimination on the Basis of Sex and Sexual Orientation in Violation of FEHA**
**Cal. Gov. Code § 12940, *et seq.* – Disparate Impact**
**(By Plaintiff and the California Class Against all Defendants)**

14       70.    Plaintiff Dempsey incorporates by reference the allegations set forth in the

15   preceding paragraphs.

16       71.    "Disparate impact discrimination has been recognized as actionable under both title

17   VII . . . and the California Fair Employment and Housing Act (FEHA)." *Carter v. CB Richard Ellis,*

18   *Inc.*, 122 Cal. App. 4th 1313, 1321 (Cal. Ct. App. 2004) (citations omitted).

19       72.    "Prohibited discrimination may … be found on a theory of disparate impact, i.e.,

20   that regardless of motive, a facially neutral employer practice or policy, bearing no manifest

21   relationship to job requirements, in fact had a disproportionate adverse effect on members of the

22   protected class." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 n.20 (Cal. 2000) (internal citations

23   omitted).

24       73.    Because FEHA has similar objectives and wording to Title VII, "California courts

25   often look to federal decisions interpreting these statutes for assistance in interpreting the FEHA."

26   *Reno v. Baird*, 18 Cal. 4th 640, 647 (Cal. 1998). Disparate impact proscribes "practices that are fair

27   in form, but discriminatory in operation." *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

28

-17-

74.    Under a disparate impact theory, a plaintiff is required to 1) "identify[] the specific employment practice that is challenged" and 2) prove causation by "offer[ing] statistical evidence of a kind and degree sufficient to show that the practice in question" caused the adverse employment action. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994-95 (1988); *see Garcia v. Spun Steak Co.*, 998 F.2d 1480, 1485-1486 (9th Cir. 1993) ("a disparate impact claim may be based upon a challenge to a practice or policy that has a significant adverse impact on the 'terms, conditions, or privileges' of the employment of a protected group").

75.    The specific employment practice being challenged is the insurance policy and its discriminatory restrictions dictating when an employee qualified for fertility benefits.

76.    The policy caused the adverse employment action of denying individuals in non-heterosexual relationships, including Plaintiff Dempsey, the same access to fertility benefits that heterosexual individuals enjoy.

77.    The UHG Defendants are liable under FEHA as an agent of Defendant GEICO because Defendant GEICO delegated an essential term and condition of employment, i.e. insurance benefits administration, to the UHG Defendants who acted on Defendant GEICO's behalf. "[H]ealth insurance and other fringe benefits are 'compensation, terms, conditions, or privileges of employment.'" *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 682–83 (1983).

78.    As the policy was offered by Defendants as part of the compensation, terms, conditions, or privileges of employment, being denied full access to the benefits of the policy is an adverse employment action. Heterosexual individuals could receive fertility benefits under the policy by merely reporting that they engaged in 6 months to one year of unprotected sexual intercourse without pregnancy. As individuals in non-heterosexual relationships cannot become pregnant by engaging in unprotected sexual intercourse with each other, this avenue under the policy was closed to individuals in non-heterosexual relationships. These individuals therefore had to qualify by undergoing 6 months to one year of expensive and time-consuming IUI cycles. As no individuals in non-heterosexual relationships could qualify under the self-reporting avenue, they were impacted disproportionately compared to heterosexual individuals seeking the same fertility

-18-

benefits.

79.     As a direct, legal and proximate result of the discrimination, Plaintiff and members of the putative classes have suffered damages, including emotional distress, lost wages and other economic damages, in an amount to be proven at trial.

80.     By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute the action on her behalf. Pursuant to California Government Code § 12965(b), as a result of Defendant's conduct, Plaintiff and the putative classes are entitled to recover attorneys' fees, costs, and expert witness fees.

81.     Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and oppressive manner, entitling Plaintiff and the putative classes to punitive damages against Defendants.

**THIRD CAUSE OF ACTION**
**Discrimination on the Basis of Sex in Violation of § 1557 of the Affordable Care Act (ACA)**
**42 U.S.C. § 18116**
**(By Plaintiff and the Nationwide Class Against the UHG Defendants)**

82.     Plaintiff Dempsey incorporates by reference the allegations set forth in the preceding paragraphs.

83.     Section 1557 of the ACA bars discrimination "on the ground prohibited under . . . title IX of the Education Amendments of 1972." 42 U.S.C. § 18116(a). Specifically, an individual shall not "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." *Ibid.* "The enforcement mechanisms provided for and available under . . .title IX . . . shall apply for purposes of violations of this subsection." *Ibid.*

84.     Title IX forbids discrimination on the basis of sex in educational institutions receiving federal funding. *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020).

85.     *Bostock*'s decision that discrimination based on sexual orientation is inextricably discrimination "because of sex" and "on the basis of sex" applies to Title IX and Section 1557. *Doe v. Snyder*, 28 F.4th 103, 113-114 (9th Cir. 2022).

86.     Section 1557's implementing regulations define the term "health program or

activity" as including "all of the operations of entities principally engaged in the business of providing healthcare that receive Federal financial assistance." 45 C.F.R. § 92.3(b). "For any entity not principally engaged in the business of providing healthcare, the requirements applicable to a 'health program or activity' under this part shall apply to such entity's operations only to the extent any such operation receives Federal financial assistance. . . ." *Ibid.*

87.    To establish a claim under Section 1557, a plaintiff must show that "(1) the defendant is a healthcare program that receives federal financial assistance; (2) the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination in the provision of healthcare services; and (3) the latter occurred on the basis of sex." *C.P. by and through Pritchard v. Blue Cross Blue Shield of Illinois*, 536 F. Supp. 3d 791, 796 (W.D. Wash. 2021) (citing *Schwake*, 967 F.3d at 946; *Kadel v. Folwell*, 446 F. Supp. 3d 1, 12-13 (M.D.N.C. 2020)).

88.    At all relevant times, Defendants UnitedHealth Group and United HealthCare operated a health program or activity in the form of offering health care insurance. Defendants UnitedHealth Group and United HealthCare are principally engaged in the business of providing healthcare. The UHG Defendants are a recipient of federal financial assistance.

89.    Plaintiff Dempsey was denied the full benefits of Defendants' healthcare services by being discriminated against and denied equal access to fertility benefits. Plaintiff Dempsey was required to undergo expensive and time-consuming IUI cycles to gain access to fertility benefits that heterosexual couples gain access to by merely self-reporting 6 months to one year of unprotected sexual intercourse without pregnancy. Individuals in non-heterosexual relationships could not qualify for the self-reporting option to gain access to fertility benefits, unlike heterosexual couples, causing significant economic, financial and emotional burden.

90.    Through their actions and treatment of Plaintiff and the Nationwide Class, the UHG Defendants and their agents intended to discriminate against Plaintiff and members of the Nationwide Class on the basis of sex.

91.    As a direct, legal and proximate result of the discrimination, Plaintiff and members of the Nationwide Class have suffered damages, including lost wages, out of pocket costs for unnecessary medical procedures, and other economic damages, in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Unlawful Business Act or Practice in Violation of the Unfair Competition Law**
**(UCL)**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(By Plaintiff and the California Class Against All Defendants)**

92.     Plaintiff Dempsey incorporates by reference the allegations set forth in the preceding paragraphs.

93.     The UCL proscribes "unfair competition," which is defined as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

94.     The UCL governs "anything that can properly be called a business practice." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999) (quoting *Rubin v. Green*, 4 Cal. 4th 1187, 1200 (Cal. 1993)).

95.     Defendants' construction, offering, and administration of the healthcare insurance plan is a business practice.

96.     The "unlawful" prong of the UCL "'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech*, 20 Cal. 4th at 180 (quoting *State Farm Fire & Casualty Co. v. Superior Ct.*, 45 Cal. App. 4th 1093, 1103 (Cal. Ct. App. 1996)) (cleaned up).

97.     "[P]rivate individuals can bring suit under the UCL for violations of the Knox–Keene [Health Care Service Plan] Act." *Blue Cross of California, Inc. v. Superior Ct.*, 180 Cal. App. 4th 1237, 1250 (Cal. Ct. App. 2009), *as modified on denial of reh'g* (Jan. 12, 2010) (citing *Bell v. Blue Cross of California*, 131 Cal. App. 4th 211, 216-217 (Cal. Ct. App. 2005)).

98.     California Health and Safety Code Section 1365.5 is part of the Knox-Keene Health Care Service Plan Act. Cal. Health & Safety Code § 1340, *et seq.*

99.     Section 1365.5, subdivision (b) prohibits the "benefits or coverage" of any health care service plan or specialized health care service plan contract from being subject to "any limitations, exceptions, exclusions, reductions, … or other modifications because of the … sex, marital status, [or] sexual orientation . . . of any contracting party, potential contracting party, or person reasonably expected to benefit from that contract as a subscriber, enrollee, member, or otherwise."

100.    Defendants' insurance plan was a health service plan contract between Defendants and Plaintiff Dempsey, and between Defendants and California Class Members. Plaintiff Dempsey and each member of the California Class was a contracting party and reasonably expected to benefit from the contract.

101.    Fertility benefits under Defendants' insurance plan were "benefits or coverage" of the plan. Plaintiff's and California Class Members' means to access fertility benefits were limited compared to the means available to heterosexual couples because Plaintiffs and California Class Members could not self-report one year of unprotected sexual intercourse without pregnancy and thus had to expend thousands of dollars for fertility care before being given coverage. This limitation resulted in an effective exclusion of individuals in non-heterosexual relationships (who were not otherwise diagnosed with infertility) from receiving fertility benefits without undergoing expensive and time-consuming medical procedures mandated by the policy.

102.    The benefits were limited and exclusionary based on sex and/or sexual orientation because individuals in non-heterosexual relationships could not qualify under the same self-reporting criteria as heterosexual couples.

103.    In order to bring a UCL action, a plaintiff must also be able to show economic injury. *Zhang v. Superior Ct.*, 57 Cal. 4th 364, 372 (Cal. 2013) (citing *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 326 (Cal. 2011)).

104.    Plaintiff Dempsey and members of the California Class suffered economic injury by being forced to spend tens of thousands of dollars on repeated IUI cycles and other Therapeutic Donor Insemination methods required by Defendants' policy which heterosexual couples did not have to spend under Defendants' policy.

105.    Plaintiff and California Class Members are entitled to restitution, including but not limited to insurance premium payments, deductibles, co-payments, and co-insurance payments. Plaintiff and California Class Members are also entitled to an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

**FIFTH CAUSE OF ACTION**
**Discrimination in Violation of the California Unruh Civil Rights Act**
**Cal. Civ. Code §§ 51, 52**

-22-

**(By Plaintiff and the California Class Against All Defendants)**

106.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

107.    The California Unruh Civil Rights Act ("Unruh Act") prohibits discrimination in the advantages, accommodations, access to facilities, privileges of membership, and/or services because of protected characteristics, including sex and/or sexual orientation. Cal. Civ. Code §§ 51, 52.

108.    Defendants GEICO and UHG are business establishments for the purposes of the Unruh Act. They provide services for profit, employ persons to provide, manage, and administer those services, and serve the business and/or economic interests of their owners.

109.    By providing discriminatory health benefits, Defendants denied Plaintiff and California Class Members the full and equal advantages, accommodations, access to facilities, privileges of membership, and/or services because of her sex and/or sexual orientation.

110.    This denial was substantially motivated by Plaintiff's and California Class Members' sex and/or sexual orientation, as evidenced by the fact that the discriminatory policy imposed significant financial burdens on her that it does not on heterosexual couples simply because she is an individual in a non-heterosexual relationship.

111.    Plaintiff and California Class Members suffered substantial emotional distress as a result of Defendants discriminatory policy.

112.    As a result of Defendants' unlawful acts, Plaintiff and California Class Members are entitled to recover statutory damages of a maximum of three times the amount of actual damages, or a minimum of $4,000 per class member.

113.    As a further proximate result of Defendants' conduct, Plaintiff has necessarily retained legal counsel and thereby sustained and continues to sustain damages in the form of recoverable attorney's fees and costs.

114.    Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff and California Class Members; with the conscious disregard of the rights and safety of her; and with an improper and evil motive

-23-

amounting to malice. Plaintiff and California Class Members are thus entitled to recover punitive damages from Defendants in an amount according to proof.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment**
**(By Plaintiff, the California Class, and the Nationwide Class Against All Defendants)**

115.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

116.    As a result of their discriminatory practices, Defendants were unjustly enriched at the expense of Plaintiff and the Class Members. Defendants' insurance plan was a health service plan contract between Defendants and Plaintiff Dempsey, and between Defendants and California Class Members and Nationwide Class Members. Plaintiff Dempsey and each member of both Classes were a contracting party and reasonably expected to benefit from the contract.

117.    Plaintiff Dempsey and members of the California Class and Nationwide class were required to undergo expensive and time-consuming IUI cycles to gain access to fertility benefits that heterosexual couples gained access to by merely self-reporting one year of unprotected sexual intercourse without pregnancy. Such expensive and time-consuming medical procedures caused individuals in non-heterosexual relationships significant economic and financial burden, including but not limited to expensive out of pocket costs, insurance premiums, co-payments, deductibles, and co-insurance payments. Defendants benefitted from its discriminatory policy at the expense of Plaintiff and the Class Members.

118.    On behalf of herself and the proposed Classes, Plaintiff seeks restitution or restitutionary disgorgement in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.    That the Court certify this as a class action as to the proposed Classes, with Plaintiff as the Class Representative and Plaintiffs' Counsel as Class Counsel;

b.    General damages according to proof, however, no less than the jurisdictional limit of this court;

c.  Special damages in amounts according to proof, together with prejudgment interest;

d.  Punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct;

e.  Reasonable attorneys' fees and costs pursuant to California Government Code Section 12965(b), Civil Code Section 52(a) and any other applicable statute;

f.  Penalties as allowable under California Civil Code Section 52(a), Business and Professions Code Sections 17206 and 17536 and any other applicable statute;

g.  Interest as provided by law;

h.  Penalties as provided by law;

i.  For such other and further relief as this Court deems equitable and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues.

Dated: January 24, 2024

**NICHOLS KASTER, LLP**
**NICHOLS KASTER, PLLP**
**CALIFORNIA CIVIL RIGHTS LAW GROUP**

By:     */s/ Matthew C. Helland*
         Matthew C. Helland

Attorneys for Plaintiffs and the Putative Class

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | | EEOC | **488-2023-00583** |
| | | FEPA | |

| **California Department Of Fair Employment & Housing** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Reyna K. Dempsey | 559-770-7230 | |

| Street Address |
|---|
| 1960 Glarner St |
| HOLLISTER, CA 95023 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| GEICO | 501+ Employees | |

| Street Address |
|---|
| 5260 Western Ave |
| Chevy Chase, MD 20815 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Sex | 08/10/2022 | 10/31/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.       On or about 12/2017 I was hired as an Auto Damage Adjuster. My supervisor is Britney Stoerr. On or about 6/2020 I inquired about fertility health care benefits with my employer. I was informed that because I was under the age of 35, I would only qualify for benefits if I met one of the following three criteria: 12 months of intercourse without a pregnancy, 12 months of intrauterine insemination (IUI) without a pregnancy or a medical diagnosis of infertility. Because I am in a same-sex relationship, the first criteria does not apply. I understand this criteria is self-reported by heterosexual couples. I complained that this policy was discriminatory and that I deserved fertility benefits, but my requests were repeatedly denied. From 4/2021 to 9/2022 I completed 8 rounds of IUI. Due to the lack of healthcare benefits, I was forced to pay roughly $25,000 out of my own pocket as well as endure countless doctors appointments and invasive procedures against my physicians recommendations. On or about 12/2021 I had a miscarriage. After my 4th round of IUI (in August 2021) my doctor stated he did not recommend I continue to have IUI procedures as the research shows the chance of pregnancy between 5-10%. To my knowledge my doctor amended my diagnoses at this time to include (1) unexplained female infertility and (2) male factor infertility; again UHC denied coverage. After more than a year of unsuccessful IUI I was finally approved for invitro fertilization (IVF) in 10/2022. I became pregnant from the IVF on or about 4/2023.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Reyna K. Dempsey** **06/29/2023** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **488-2023-00583** |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

II.       No reason was given to me for the difference in treatment.

III.      I believe I have been subjected to different terms and conditions of employment and denied benefits because of my sexual orientation, lesbian/not heterosexual in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Reyna K. Dempsey**<br><br>**06/29/2023** | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE *(month, day, year)* |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   **Mrs. Reyna K. Dempsey**
      **1960 Glarner St**
      **HOLLISTER, CA 95023**

From:   **Fresno Local Office**
        **2500 Tulare Street, Suite 2601**
        **Fresno, CA 93721**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2023-00583** | **HANNAH TSUTSUI,**<br>**EEOC Investigator** | **559-753-8480** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

> The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

# Armando Hernandez

Digitally signed by Armando Hernandez
Date: 2023.07.05 17:23:30 -07'00'

Enclosures(s)

**Armando Hernandez**
**Fresno Local Office Director**

cc:

**Kira Brekke**
**870 Market Street  Suite 544**
**San Francisco, CA 94102**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

EEOC Number:   488-2023-00583

Case Name:   Mrs. Reyna K. Dempsey v. GEICO

Filing Date:   July 5, 2023

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | **488-2023-00817** |

| **California Department Of Fair Employment & Housing** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Reyna K. Dempsey | 559-770-7230 | |

| Street Address |
|---|
| 1960 Glarner St<br><br>HOLLISTER, CA 95023 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UnitedHealthcare | 15 - 100 Employees | |

| Street Address |
|---|
| P.O. Box 30608<br><br>SLC, UT 84130 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Sex | 08/10/2022 | 10/31/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.     On or about 12/2017 I was hired as an Auto Damage Adjuster. My supervisor is Britney Stoerr. On or about 6/2020 I inquired about fertility health care benefits with my employer. I was informed that because I was under the age of 35, I would only qualify for benefits if I met one of the following three criteria: 12 months of intercourse without a pregnancy, 12 months of intrauterine insemination (IUI) without a pregnancy or a medical diagnosis of infertility. Because I am in a same-sex relationship, the first criteria does not apply. I understand this criteria is self-reported by heterosexual couples. I complained that this policy was discriminatory and that I deserved fertility benefits, but my requests were repeatedly denied. From 4/2021 to 9/2022 I completed 8 rounds of IUI. Due to the lack of healthcare benefits, I was forced to pay roughly $25,000 out of my own pocket as well as endure countless doctors appointments and invasive procedures against my physicians recommendations. On or about 12/2021 I had a miscarriage. After my 4th round of IUI (in August 2021) my doctor stated he did not recommend I continue to have IUI procedures as the research shows the chance of pregnancy between 5-10%. To my knowledge my doctor amended my diagnoses at this time to include (1) unexplained female infertility and (2) male factor infertility; again UHC denied coverage. After more than a year of unsuccessful IUI I was finally approved for invitro fertilization (IVF) in 10/2022. I became pregnant from the IVF on or about 4/2023.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Reyna K. Dempsey**<br><br>**06/29/2023** | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE *(month, day, year)* |
| *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | **488-2023-00817** |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

II.      No reason was given to me for the difference in treatment.

III.     I believe I have been subjected to different terms and conditions of employment and denied benefits because of my sexual orientation, lesbian/not heterosexual in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Reyna K. Dempsey**  **06/29/2023** | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (*month, day, year*) |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Mrs. Reyna K. Dempsey**<br>**1960 Glarner St**<br>**HOLLISTER, CA 95023** | From: **Fresno Local Office**<br>**2500 Tulare Street, Suite 2601**<br>**Fresno, CA 93721** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2023-00817** | **HANNAH TSUTSUI,**<br>**EEOC Investigator** | **559-753-8480** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

# Armando Hernandez

Digitally signed by Armando
Hernandez
Date: 2023.07.05 17:08:28 -07'00'

Enclosures(s)

**Armando Hernandez**
**Fresno Local Office Director**

cc:

**Kira Brekke**
**870 Market Street Suite 544**
**San Francisco, CA 94102**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

|  |  |
|---|---|
| EEOC Number: | 488-2023-00817 |
| Case Name: | Mrs. Reyna K. Dempsey v. UnitedHealthcare |
| Filing Date: | July 5, 2023 |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

CRD-200-02 (09/2022)

# INSTRUCTIONS FOR OBTAINING A RIGHT-TO-SUE NOTICE



---

**To file an employment lawsuit under the Fair Employment and Housing Act (FEHA), you must file a complaint and obtain a Right-to-Sue notice from the Civil Rights Department (CRD).**

---

*If you choose to file a complaint using the Right-to-Sue process, you should be aware that:*

1. Once CRD has issued you a Right-to-Sue notice, CRD will not investigate your complaint.

2. You have one year from the date of your Right-to-Sue notice to file a lawsuit.

3. It is advisable that you have an attorney file a lawsuit on your behalf. If you wish to consult an attorney, you may wish to visit the California State Bar website at www.calbar.ca.gov for legal referral resources.

4. CRD will not file your complaint with the U.S. Equal Employment Opportunity Commission (EEOC). To receive a federal Right-to-Sue notice, you must contact EEOC at www.eeoc.gov or at (800) 669-4000 or TTY (800) 669-6820.

Rather than receiving a Right-to-Sue notice to file a lawsuit, you may ask CRD to investigate your complaint. If you do so, you may still obtain a Right-to-Sue notice and file a lawsuit at a later time.
If you would like CRD to consider your complaint for investigation, you begin the process by completing and submitting an Intake Form. You can do this in one of the following ways:

- Use our online system at ccrs.calcivilrights.ca.gov.

- Go to our website at calcivilrights.ca.gov and download a copy of a blank Intake Form. Fill it out and email it to contact.center@calcivilrights.ca.gov or mail it to: 2218 Kausen Drive, Suite 100; Elk Grove, CA 95758.

- Call our Communication Center at (800) 884-1684 (voice), 800-700-2320 (TTY) or California's Relay Service at 711.

If you would like to proceed with obtaining a Right-to-Sue notice, fill out the Right-to-Sue form that follows these instructions and either email it to contact.center@calcivilrights.ca.gov or mail it to: 2218 Kausen Drive, Suite 100; Elk Grove, CA 95758. You may also obtain a Right-to-Sue notice using our online system at ccrs.calcivilrights.ca.gov.

After you have submitted your form, we will send you a Right-to-Sue letter with the information you provided.

# INTAKE FORM / RIGHT-TO-SUE
*Civil Rights Department*



Your submission of this document acknowledges that you have read and agree to CRD's Privacy Policy. By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.

■ **CRD CASE NUMBER (IF APPLICABLE):** _____

■ **COMPLAINANT (YOUR INFORMATION)**

Name: Reyna K. Dempsey

Phone: (559) 770-7230          Email: dempseys.md.rd@gmail.com

Address: 1960 Glarner St

City: Hollister          State: CA          Zip: 95023

■ **RESPONDENT (PERSON / BUSINESS YOU'RE FILING AGAINST)**

Name: Goverment Employees Insurance Company (GEICO)          Phone: _____

Title: _____          Email: _____

Address: 5260 Western Avenue

City: Chevy Chase          State: MD          Zip: 20815

Number of Employees: 500          Type of Employer: Private

Does the company employ less than 20 employees?   ○ Yes   ● No

■ **CO-RESPONDENT (OPTIONAL)**

Name: United Healthcare Services, Inc.          Phone: _____

Title: _____          Email: _____

Address: 9900 Bren Road East

City: Minnetonka          State: MN          Zip: 55343

■ **CO-RESPONDENT (OPTIONAL)**

Name: UnitedHealth Group Inc.                      Phone: _____

Title: _____                    Email: _____

Address: 30 N Gould, Suite R

City: Sheridan                                      State: WY              Zip: 82801

## ■ ALLEGATION

Last Date of Harm: <u>08/24/2022</u>

**I allege that I experienced:**   ■ Discrimination   ☐ Harassment

BECAUSE OF MY ACTUAL OR PERCEIVED:

☐ Age (40 and over)

☐ Ancestry

■ Association with a member of a protected class

☐ Bereavement Leave

☐ Color

☐ Criminal History

☐ Disability (physical, intellectual/developmental, mental health/psychiatric)

☐ Family Care and Medical Leave (CFRA) related to serious health condition of employee or family member, child bonding, or military exigencies

☐ Gender Identity or Expression

☐ Genetic Information or Characteristic

☐ Marital Status

☐ Medical Condition (cancer or genetic characteristic)

☐ Military and Veteran Status

☐ National Origin (includes language restrictions)

☐ Pregnancy, childbirth, breastfeeding, or related medical conditions

☐ Pregnancy Disability Leave (PDL)

☐ Race (includes hairstyle and hair texture)

☐ Religious creed (includes dress and grooming practices)

☐ Reproductive Health Decisionmaking

■ Sex/Gender

☐ Sexual harassment – hostile environment

☐ Sexual harassment – quid pro quo

■ Sexual Orientation

☐ Other (specify):_____

AS A RESULT, I WAS:

☐ Asked impermissible non-job-related questions

☐ Demoted

☐ Denied accommodation for a disability

☐ Denied accommodation for pregnancy

☐ Denied accommodation for religious beliefs

☑ Denied any employment benefit or privilege

☐ Denied Bereavement Leave

☐ Denied employer paid health care while on Family Care and Medical Leave (CFRA)

☐ Denied employer paid health care while on Pregnancy Disability Leave (PDL)

☐ Denied equal pay (includes violations of the Equal Pay Act)

☐ Denied Family Care and Medical Leave (CFRA) related to serious health condition of employee or family member, child bonding, or military exigencies

☐ Denied hire or promotion

☐ Denied or forced to transfer

☐ Denied Pregnancy Disability Leave (PDL)

☐ Denied the right to wear pants

☐ Denied work opportunities or assignments

☐ Forced to quit

☐ Laid off

☐ Reprimanded

☐ Suspended

☐ Terminated

☐ Other (specify): _____

**I allege that I experienced:**  ☐ Retaliation

BECAUSE I:

☐ Participated as a witness in a discrimination or harassment complaint

☐ Reported or resisted any form of discrimination or harassment

☐ Reported patient abuse (hospital employees only)

☐ Requested or used Bereavement Leave

☐ Requested or used a disability-related accommodation

☐ Requested or used a pregnancy-related accommodation

☐ Requested or used Pregnancy Disability Leave (PDL)

☐ Requested or used a religious accommodation

☐ Requested or used Family Care and Medical Leave (CFRA) related to serious health condition of employee or family member, child bonding, or military exigencies

AS A RESULT, I WAS:

☐ Asked impermissible non-job-related questions

☐ Demoted

☐ Denied accommodation for a disability

☐ Denied accommodation for pregnancy

☐ Denied accommodation for religious beliefs

☐ Denied any employment benefit or privilege

☐ Denied Bereavement Leave

☐ Denied employer paid health care while on Family Care and Medical Leave (CFRA)

☐ Denied employer paid health care while on Pregnancy Disability Leave (PDL)

☐ Denied equal pay (includes violations of the Equal Pay Act)

☐ Denied Family Care and Medical Leave (CFRA) related to serious health condition of employee or family member, child bonding, or military exigencies

☐ Denied hire or promotion

☐ Denied or forced to transfer

☐ Denied Pregnancy Disability Leave (PDL)

☐ Denied the right to wear pants

☐ Denied work opportunities or assignments

☐ Forced to quit

☐ Laid off

☐ Reprimanded

☐ Suspended

☐ Terminated

☐ Other (specify):_____

■ **COMPLAINANT'S REPRESENTATIVE**

Do you have an attorney who agreed to represent you in this matter?    ● Yes    ○ No

If yes, please provide the attorney's contact information:

Name: Kira Brekke

Firm Name: California Civil Rights Law Group

Phone: (415) 453-4740          Email: kira@civilrightsca.com

Address: 332 San Anselmo Ave

City: San Anselmo                    State: CA          Zip: 94960


■ **ADDITIONAL INFORMATION (OPTIONAL)**

Briefly describe what happened:

I. On or about 12/2017 I was hired as a Virtual Total Loss Auto Damage Adjuster II. My supervisor is Britney Stoerr. On or about 6/2020 I inquired about fertility health care benefits with my employer. I was informed that because I was under the age of 35, I would only qualify for benefits if I met one of the following three criteria under the insurance policy: (1) 12 months of heterosexual intercourse without a pregnancy, (2) 12 months of uncovered fertility treatments, like intrauterine insemination (IUI), without a pregnancy, or (3) a medical diagnosis of infertility. Because I am in a same-sex relationship, the first criteria does not apply to me. I understand this criteria is self-reported by heterosexual couples. I complained that this policy was discriminatory and that I deserved fertility benefits to be covered, but my requests were repeatedly denied. This policy also discriminated against similarly-situated employees based on their sex/gender, sexual orientation, and association with a member of a protected class.

From 4/2021 to 8/2022, I completed 8 rounds of IUI. Due to the lack of covered healthcare benefits, I was forced to pay roughly $25,000 out of my own pocket as well as endure countless doctors' appointments and invasive procedures against my physicians recommendations. After my 4th round of IUI (in August 2021), my doctor stated he did not recommend I continue to have IUI procedures as the research shows the chance of pregnancy between 5-10%. Respondents continuously denied IVF coverage. After more than a year of unsuccessful IUI, I was finally approved for invitro fertilization (IVF) on or about 11/2022. I became pregnant from the IVF on or about 3/2023.

II. No reason was given to me or similarly-situated employees for the difference in treatment.

III. I believe similarly-situated employees and I have been subjected to different terms and conditions of employment and denied benefits because of sexual orientation (lesbian and/or not heterosexual), gender, and association with a member of a protected class in violation of FEHA. I further believe that other similarly situated employees and I faced discrimination based on sex/gender, sexual orientation, and association with a member of a protected class due to the facially neutral employment policy we were subjected to, which had a disparate and disproportionate adverse impact on me and similarly situated employees.

# VERIFICATION PAGE
*Required*



Before submitting the form, you must verify who you are and whether you are submitting this information for yourself or someone else.

## ■ VERIFIER

Verifier Name: Jasjit Kaur Mundh

Verifier's Relationship to Complainant: Attorney

City: San Francisco                                        State: CA

*By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.*

# DEMOGRAPHIC INFORMATION

*This information is optional and is only used for statistical purposes.*



Primary Language: _____     DOB: _____

Gender/Gender Identity:   ☐ Male        ☐ Female              ☐ Non-Binary
                         ☐ Transgender Male   ☐ Transgender Female   ☐ Other

Marital Status:   ☐ Single   ☐ Married   ☐ Cohabitation   ☐ Divorced

Race:   ☐ American Indian, Native American or Alaskan Native   ☐ Asian
        ☐ Native Hawaiian or Other Pacific Islander            ☐ White
        ☐ Black or African American                            ☐ Other

Ethnicity:   ☐ Hispanic or Latino   ☐ Non-Hispanic or Latino

National Origin:

☐ Afghani            ☐ Hawaiian        ☐ Other African
☐ American [U.S.A]   ☐ Hmong           ☐ Other Asian
☐ Asian Indian       ☐ Indonesian      ☐ Other Caribbean
☐ Bangladeshi        ☐ Iranian         ☐ Other European
☐ Cambodian          ☐ Iraqi           ☐ Other Hispanic/Latino
☐ Canadian           ☐ Irish           ☐ Other Middle Eastern
☐ Chinese            ☐ Israeli         ☐ Pakistani
☐ Cuban              ☐ Italian         ☐ Puerto Rican
☐ Dominican          ☐ Jamaican        ☐ Salvadoran
☐ Egyptian           ☐ Japanese        ☐ Samoan
☐ English            ☐ Korean          ☐ Sri Lankan
☐ Ethiopian          ☐ Laotian         ☐ Syrian
☐ Fijian             ☐ Lebanese        ☐ Taiwanese
☐ Filipino           ☐ Malaysian       ☐ Thai
☐ German             ☐ Mexican         ☐ Tongan
☐ Ghanaian           ☐ Nigerian        ☐ Trinidadian and Tobagonian
☐ Guamanian          ☐ Other           ☐ Vietnamese
☐ Haitian

Disability:

- ☐ AIDS or HIV
- ☐ Blood / Circulation
- ☐ Brain / Nerves / Muscles
- ☐ Digestive / Urinary / Reproduction
- ☐ Hearing
- ☐ Heart
- ☐ Intellectual / Developmental

- ☐ Limbs [Arms / Legs]
- ☐ Mental Health / Psychiatric
- ☐ Sight
- ☐ Speech / Respiration
- ☐ Spinal / Back / Respiration
- ☐ Other Disability

Religion:

- ☐ Agnostic
- ☐ Atheist
- ☐ Bahai
- ☐ Buddhism
- ☐ Catholicism
- ☐ Christianity
- ☐ Confucianism
- ☐ Hinduism
- ☐ Islam
- ☐ Jehovah's Witness
- ☐ Judaism
- ☐ Neo-Paganism

- ☐ Nonreligious
- ☐ Protestantism
- ☐ Primal-indigenous
- ☐ Quakers
- ☐ Rastafarianism
- ☐ Spiritism
- ☐ Shinto
- ☐ Sikhism
- ☐ Taoism
- ☐ Unitarian-Universalism
- ☐ Zoroastrianism
- ☐ Other

Sexual Orientation:

- ☐ Straight or Heterosexual
- ☐ Gay or Lesbian

- ☐ Bisexual
- ☐ Other

# PRIVACY POLICY



> **The California Civil Rights Department (CRD) has adopted this Privacy Policy, effective January 1, 2017. CRD values the security and privacy of your personal information and is committed to protecting your privacy rights. CRD seeks only to collect relevant personal information that enables us to assist you in investigating and resolving complaints of discrimination as prescribed by California Government Code sections 11135 et seq., 12900 et seq., and California Civil Code sections 51, 51.7, 52.5, and 54 et seq.**
>
> **All personal information we collect is governed by the State of California Information Practices Act of 1977 (Civ. Code §§ 1798-1798.78), Gov. Code sections 11015.5 and 11019.9, and the California Public Records Act (Gov. Code § 6250 et seq.).**

*Outlined below is our online Privacy Policy and Notice:*

- Legal Authority for Collection and Use of Information
- Disclosure and Sharing
- What happens to information you submit to us?
- Links
- Cookies
- Public Disclosure
- Minors
- Security
- Access and Corrections to your Personal Information
- How to contact us if you have any questions regarding this policy
- Changes to our Privacy Policy
- Effective date

## LEGAL AUTHORITY FOR COLLECTION AND USE OF INFORMATION

We collect information that may be directly associated with a specific person. We call this "Personal Information," and it includes, names, addresses, telephone numbers and email addresses. We collect this Personal Information through lawful means from individuals who seek to file a complaint with the CRD, and we use this information to establish jurisdiction and to conduct an investigation of any allegations of Civil Rights violations. If you seek to file a complaint, you are required to provide us with sufficient information in accordance with California Government Code sections 11135 et seq., 12900 et seq., and California Civil Code sections 51, 51.7, 52.5, and 54 et seq.

## DISCLOSURE AND SHARING

We do not sell your Personal Information. Government Code section 11015.5, subdivision (6), prohibits CRD and all state agencies from distributing or selling any electronically collected Personal Information about users to any third party without the permission of the user. Any distribution of electronically collected Personal Information will be solely for the purposes for which it was provided to us, as described below.

We also may share your Personal Information under the following circumstances:

1. You give us permission.
2. We receive a request from a party with legal authority to obtain the information, such as a subpoena.
3. As authorized by law, it is transferred to / shared with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the U.S. Department of Housing and Urban Development, the U.S. Department of Health and Human Services, the U.S. Department of Education, the U.S. Department of Justice, any branch of the California State Government, or any other local or Federal agency with similar jurisdiction.
4. Non Personal Information, including the allegations in the complaint document itself, may be disclosed to the public under the California Public Records Act.

## WHAT HAPPENS TO INFORMATION YOU SUBMIT TO US?

The Personal Information we obtain from you will be used for the purposes for which it was provided: to further the CRD's efforts to investigate and attempt to resolve the allegations of unlawful discrimination, harassment and/or retaliation that you filed. Electronically collected Personal Information we gather about visits to our website is used to help us improve the user experience and for basic web metrics of our website.

## LINKS

Our website may contain links to other websites on the Internet that are owned and operated by third parties. CRD does not control the privacy policies or practices of these websites. You are advised to review the privacy policies of the third party offering the website before providing any Personal Information to these websites. CRD is not responsible for the content or practices of any linked third party website and such third party websites are provided solely for the convenience and information to our visitors.

## COOKIES

We do not collect information such as names, addresses, and emails from individuals browsing CRD's website. However, when you visit our website, a "cookie" may be saved on your computer. A cookie is a tiny piece of data stored by your browser that helps us recognize your unique computer and your preferences when using our website. The information CRD automatically collects may include the type of browser used, date and time you visited the site, and web pages you visited. This information is collected to improve the user experience and for basic web metrics. The information is deleted after 30 days. This type of electronic information collection is permitted by law and is exempt from requests made under the Public Records Act.

You can refuse the cookie or delete the cookie file from your computer after you visit our website. You can find instructions for managing cookie controls on websites for particular browsers. For example:

- Microsoft Edge browsers
- Macintosh Safari browsers
- Google Chrome browsers

## PUBLIC DISCLOSURE

In the State of California, laws exist to ensure that government is open and that the public has a right to access appropriate records and information possessed by state government. At the same time, there are exceptions to the public's right to access public records.

These exceptions serve various needs including maintaining the privacy of individuals. Both state and federal laws provide exceptions. All information collected at this site becomes a public record that may be subject to inspection and copying by the public, unless an exemption in law exists. In the event of a conflict between this Privacy Notice and the Public Records Act, the Information Practices Act and/or other law governing the disclosure of records, the Public Records Act, the Information Practices Act and/or other applicable law will control.

## MINORS

We recognize the importance of protecting privacy where minors (a person under 18 years of age) are involved. We are committed to protecting the privacy of minors and do not knowingly collect Personal Information from minors or create profiles of minors through our website. Users are cautioned, however, that the collection of Personal Information submitted online or in an e- mail will be treated as though it was submitted by an adult. CRD strongly encourages parents, guardians and adults to be involved in the internet activities of their children or other minors they are responsible for and to provide guidance whenever minors are asked to provide Personal Information online. If you believe a minor has provided us with Personal Information, we ask that a parent or guardian contact us at 1-800-884-1684.

## SECURITY

CRD has put security measures in place to safeguard and protect your information from unauthorized access, disclosure, and loss. Our policy limits access to Personal Information to employees who have an established business need for the Personal Information including those directly involved in the filing, investigation, resolution and/or litigation of your complaint.

Information that is physically located within the CRD is protected by various security measures, which may include the use of encryption software to protect the security of an individuals' Personal Information during transmission and storage. Personal information is destroyed according to the CRD's records retention policy, and we only retain these records for as long as necessary to fulfill our business need. We train our employees on procedures and management of Personal Information we collect as well as on taking precautions and complying with limitations on the release of Personal Information.

## ACCESS AND CORRECTIONS TO YOUR PERSONAL INFORMATION

You have the right to review any Personal Information we collect about you. If you request all or a portion of the Personal Information collected about you by the CRD, we will provide you with the Personal Information requested and explain how we use the information. You may request changes to your Personal Information you believe is incorrect by submitting a written request that credibly shows the error. If you believe that your Personal Information is being used for a purpose other than what you intended when you submitted it, you may contact us so we can rectify the misuse. In all cases, we will take reasonable steps to verify your identity before granting access or making corrections.

## HOW TO CONTACT US IF YOU HAVE ANY QUESTIONS REGARDING THIS POLICY

If you have any questions or concerns about the information presented in this Privacy Notice, you may contact:

CRD Privacy Officer
2218 Kausen Drive, Suite 100 Elk Grove, CA 95758
1-800-884-1684

## CHANGES TO OUR PRIVACY POLICY

We may update and revise our Privacy Policy. We will post any privacy policy changes on this page and, if the changes are significant, we will provide a more prominent notice.

## EFFECTIVE DATE

January 1, 2017



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 20, 2023

Kira Brekke
332 San Anselmo Avenue
San Anselmo, CA 94960

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202312-23037020
        Right to Sue: Dempsey / Government Employees Insurance Company (GEICO)
        et al.

Dear Kira Brekke:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 20, 2023

RE:     **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202312-23037020
        Right to Sue: Dempsey / Government Employees Insurance Company (GEICO)
        et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 20, 2023

Reyna K. Dempsey
1960 Glarner Street
Hollister, CA 95023

RE: **Notice of Case Closure and Right to Sue**
   CRD Matter Number: 202312-23037020
   Right to Sue: Dempsey / Government Employees Insurance Company (GEICO)
   et al.

Dear Reyna K. Dempsey:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 20, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Reyna Dempsey                                    CRD No. 202312-23037020

                              Complainant,

vs.

Government Employees Insurance Company (GEICO)
5260 Western Avenue
Chevy Chase, MD 20815

United Healthcare Services, Inc
9900 Bren Road East
Minnetonka, MN 55343

United Health Group Inc.
30 North Gould St., Suite R
Sheridan, WY 82801

                              Respondents

_____

**1.** Respondent **Government Employees Insurance Company (GEICO)** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **United Healthcare Services, Inc** business as Co-Respondent(s). Complainant is naming **United Health Group Inc.** business as Co-Respondent(s).

**3**. Complainant **Reyna K. Dempsey**, resides in the City of **Hollister,** State of **CA.**

**4**. Complainant alleges that on or about **August 24, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, sexual orientation, association with a member of a protected class and as a result of the discrimination was denied any employment benefit or privilege.

-1-
*Complaint – CRD No. 202312-23037020*

Date Filed: December 20, 2023

**Additional Complaint Details:** I. On or about 12/2017 I was hired as a Virtual Total Loss Auto Damage Adjuster II. My supervisor is Britney Stoerr. On or about 6/2020 I inquired about fertility health care benefits with my employer. I was informed that because I was under the age of 35, I would only qualify for benefits if I met one of the following three criteria under the insurance policy: (1) 12 months of heterosexual intercourse without a pregnancy, (2) 12 months of uncovered fertility treatments, like intrauterine insemination (IUI), without a pregnancy, or (3) a medical diagnosis of infertility. Because I am in a same-sex relationship, the first criteria does not apply to me. I understand this criteria is self-reported by heterosexual couples. I complained that this policy was discriminatory and that I deserved fertility benefits to be covered, but my requests were repeatedly denied. This policy also discriminated against similarly-situated employees based on their sex/gender, sexual orientation, and association with a member of a protected class.

From 4/2021 to 8/2022, I completed 8 rounds of IUI. Due to the lack of covered healthcare benefits, I was forced to pay roughly $25,000 out of my own pocket as well as endure countless doctors' appointments and invasive procedures against my physicians recommendations. After my 4th round of IUI (in August 2021), my doctor stated he did not recommend I continue to have IUI procedures as the research shows the chance of pregnancy between 5-10%. Respondents continuously denied IVF coverage. After more than a year of unsuccessful IUI, I was finally approved for invitro fertilization (IVF) on or about 11/2022. I became pregnant from the IVF on or about 3/2023.

II. No reason was given to me or similarly-situated employees for the difference in treatment.

III. I believe similarly-situated employees and I have been subjected to different terms and conditions of employment and denied benefits because of sexual orientation (lesbian and/or not heterosexual), gender, and association with a member of a protected class in violation of FEHA. I further believe that other similarly situated employees and I faced discrimination based on sex/gender, sexual orientation, and association with a member of a protected class due to the facially neutral employment policy we were subjected to, which had a disparate and disproportionate adverse impact on me and similarly situated employees.

-2-
*Complaint – CRD No. 202312-23037020*

Date Filed: December 20, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Jasjit Kaur Mundh**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 20, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, California**

-3-

*Complaint – CRD No. 202312-23037020*

Date Filed: December 20, 2023

CRD-ENF 80 RS (Revised 12/22)