MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
J.P. Schreiber, Bar No. 317829
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001
brian.berry@morganlewis.com
jp.schreiber@morganlewis.com

Attorneys for Defendant
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA DEMPSEY, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>  v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 5:24-cv-00425-EJD<br><br>**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  October 10, 2024<br>Time:  9:00 a.m.<br>Courtroom:  4, Fifth Floor<br>Hon. Edward J. Davila<br><br>Action Filed: January 24, 2024 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 5:24-cv-00425-EJD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on October 10, 2024 at 9:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Edward J. Davila of the San Jose Courthouse of the above-captioned court, located at 280 South 1st Street, San Jose, CA 95113, Defendant Government Employees Insurance Company ("GEICO") will, and hereby does, move this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for an order dismissing Counts 1 and 2 of the First Amended Class Action Complaint for Damages and Restitution (the "FAC") filed by Plaintiff Reyna Dempsey ("Plaintiff"), for failure to state a claim upon which relief can be granted. This motion is based on the following grounds:

1.     The claims alleged in Causes of Action 1 and 2 of the FAC are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

2.     Plaintiff's First Cause of Action under the Fair Employment and Housing Act ("FEHA") fails to state a claim because Plaintiff does not set forth factual allegations sufficient to plausibly suggest disparate treatment on the basis of sex or sexual orientation.

3.     Plaintiff's Second Cause of Action under FEHA fails to state a claim because Plaintiff does not set forth factual allegations sufficient to plausibly suggest disparate impact on the basis of sex or sexual orientation.

4.     The Court should strike Plaintiff's claims for punitive and uncapped compensatory damages alleged in subparagraphs b. and d. of the Wherefore Paragraph and in paragraphs 14, 78, and 91 of the FAC.

GEICO requests that the Court dismiss Causes of Action 1 and 2 without leave to amend.

This Motion to Dismiss is based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Brian D. Berry, the pleadings on file herein, and such arguments and admissible evidence as may be presented at the time of hearing.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Sensitivity: Company-Internal                    1                    Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

Dated: June 27, 2024                                **MORGAN, LEWIS & BOCKIUS LLP**

2

3                                                                      By:  _____*/s/ Brian D. Berry*_____

4                                                                              Brian D. Berry

5                                                                      Attorneys for Defendant
                                                                       GOVERNMENT EMPLOYEES
6                                                                      INSURANCE COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   PROCEDURAL HISTORY ................................................................................ 2

III.  SUMMARY OF ALLEGATIONS ...................................................................... 3

IV.   LEGAL STANDARD ......................................................................................... 5

V.    ARGUMENT ...................................................................................................... 6

    A.    ERISA Preempts Plaintiff's Claims. ....................................................... 6

        1.    Plaintiff's Claims "Relate To" the Plan. .................................... 6

        2.    ERISA's Savings Clause Does Not Salvage Plaintiff's Claims ................. 8

        3.    The Court Should Strike the FCA's Prayer for Uncapped Compensatory Damages and Punitive Damages ....................... 10

    B.    Plaintiff Fails to Allege Facts Sufficient to State a Plausible Claim .................... 11

        1.    The Plan Is Facially Neutral ....................................................... 11

        2.    No Facts Support Plaintiff's Speculation that Heterosexual Couples Could Comply with Option A By Self-Reporting ................... 13

        3.    Plaintiff's Disparate Impact Claim Fails Because She Pleads Neither A Significant Disparity Nor Causation. ......................... 14

    C.    Plaintiff Fails to Plausibly Plead Class Claims. ..................................... 16

    D.    The Court Should Not Grant Leave to Amend. ...................................... 17

VI.   CONCLUSION ................................................................................................. 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*
   125 F. Supp. 3d 945 (N.D. Cal. 2015) .................................................................................. 11

*Ali v. Silicon Valley Bank*
   2019 WL 8752054 (N.D. Cal. Jan. 28, 2019) *aff'd*, 797 F. App'x 318 (9th Cir. 2020) ......... 13

*Alston v. Atl. Elec. Co.*
   962 F. Supp. 616 (D.N.J. 1997) ....................................................................................... 9, 10

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................................................................ 3, 5

*Atwood v. Shore Commc'ns, Inc.*
   2009 WL 10691162 (E.D. Cal. Dec. 8, 2009) ...................................................................... 7, 8

*Baker v. City of San Diego*
   463 F. Supp. 3d 1091 (S.D. Cal. 2020) ................................................................................ 16

*Banaga v. GEICO*
   2019 WL 2451418 (S.D. Cal. June 12, 2019) ....................................................................... 13

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................................................ 5, 6

*Borodaenko v. Twitter, Inc.*
   2023 WL 3294581 (N.D. Cal. May 5, 2023) ......................................................................... 15

*Bowman v. Adams & Assocs., Inc.*
   2020 WL 1673897 (E.D. Cal. Apr. 6, 2020) ......................................................................... 14

*Brown v. FPI Mgmt., Inc.*
   2012 WL 629182 (N.D. Cal. Feb. 27, 2012) ......................................................................... 16

*Brown v. Sysco Food Servs. of Metro N.Y. LLC*
   2014 WL 5410650 (D.N.J. Oct. 22, 2014) .......................................................................... 9, 10

*Caponio v. Boilermakers Loc. 549*
   2017 WL 1477133 (N.D. Cal. Apr. 25, 2017) ....................................................................... 6, 8

*Cleghorn v. Blue Shield of Cal.*
   408 F.3d 1222 (9th Cir. 2005) ............................................................................................ 7

*Cox ex rel. Cox v. Reliance Standard Life Ins. Co.*
   2013 WL 2156546 (E.D. Cal. May 17, 2013) ........................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*De La Cruz v. Tormey*
  582 F.2d 45 (9th Cir. 1978)........................................................................ 11, 12

*Dean v. Jet Servs. W., Inc.*
  782 F. Supp. 498 (S.D. Cal. 1991) ............................................................ 6, 7

*Dollar v. Goleta Water Dist.*
  2022 WL 5176904 (C.D. Cal. Oct. 3, 2022) ................................................ 13

*Fujishige v. Amazon.com Servs. LLC*
  2024 WL 348826 (N.D. Cal. Jan. 30, 2024) (Davila, J.) ........................... 16

*Gen-Probe, Inc. v. Amoco Corp.*
  926 F. Supp. 948 (S.D. Cal. 1996) .............................................................. 11

*Gonzalez v Stanford Applied Eng'g, Inc.*
  597 F.2d 1298 (9th Cir 1979)........................................................................ 9

*Good Meat Project v. GOOD Meat, Inc.*
  2024 WL 1083462 (N.D. Cal. Feb. 12, 2024)................................................ 3

*Hurlic v. S. Cal. Gas Co.*
  539 F.3d 1024 (9th Cir. 2008)....................................................................... 8

*Ingersoll–Rand v. McClendon*
  498 U.S. 133 (1990) .................................................................................. 6, 7

*Jue v. Costco Wholesale Corp.*
  2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ............................................. 16

*Kittel v. City of Oxnard*
  2018 WL 6004524 (C.D. Cal. Feb. 20, 2018) ............................................ 17

*Lopez v. Smith*
  203 F.3d 1122 (9th Cir. 2000)..................................................................... 17

*Makor v. BNSF Ry. Co.*
  2015 WL 13344903 (C.D. Cal. Mar. 20, 2015), *aff'd sub nom. Makor v. Burlington N. Santa Fe Ry. Co.*, 680 F. App'x 542 (9th Cir. 2017)................................ 12

*Martinez v. Maxim Prop. Mgmt.*
  1997 WL 564070 (N.D. Cal. Aug. 28, 1997)................................................ 8

*Loffredo v. Daimler AG*
  54 F. Supp. 3d 729 (E.D. Mich. 2014) ..................................................... 9, 10

*Loffredo v. Daimler AG*
  666 F. App'x 370 (6th Cir. 2016) ............................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Mgmt. Emps. of AT&T v. AT&T*
  1999 WL 334751 (D.N.J. Apr. 23, 1999) ............................................................ 9, 10

*Mish v. TForce Freight, Inc.*
  2021 WL 4592124 (N.D. Cal. Oct. 6, 2021) ............................................................ 6

*Mora v. US Bank*
  2015 WL 4537218 (C.D. Cal. July 27, 2015) ........................................................ 15

*Napear v. Bonneville Int'l Corp.*
  669 F. Supp. 3d 948 (E.D. Cal. 2023) .................................................................. 14

*N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*
  514 U.S. 645 (1995) ......................................................................................... 6, 7

*Obrien v. Amazon.com Inc.*
  2023 WL 2207893 (N.D. Cal. Jan. 27, 2023) ....................................................... 15

*Ovieda v. Sodexo Operations, LLC*
  2012 WL 1627237 (C.D. Cal. May 7, 2012) ......................................................... 16

*Payan v. Aramark Mgmt. Servs. Ltd. P'ship*
  495 F.3d 1119 (9th Cir. 2007) ............................................................................. 9

*Ravel v. Hewlett-Packard Enter., Inc.*
  228 F. Supp. 3d 1086 (E.D. Cal. 2017) ................................................................ 14

*Russell v. Mass. Mut. Life Ins. Co.*
  722 F.2d 482 (9th Cir. 1983), *rev'd on other grounds*, 473 U.S. 134 (1985) ....................... 10

*Sarkisyan v. CIGNA Healthcare of Cal., Inc.*
  613 F. Supp. 2d 1199 (C.D. Cal. 2009) ................................................................. 7

*Scott v. Gino Morena Enters., LLC*
  888 F.3d 1101 (9th Cir. 2018) ............................................................................. 9

*Shaw v. Delta Air Lines, Inc.*
  463 U.S. 85 (1983) ......................................................................................... 8, 10

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ............................................................................. 5

*Taylor v. Adams & Assocs., Inc.*
  2018 WL 4027051 (E.D. Cal. Aug. 21, 2018), *aff'd*, 817 F. App'x 510 (9th Cir. 2020) ....... 14

*Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*
  576 U.S. 519 (2015) ....................................................................................... 15

*Theodule v. Blue Mercury*
  2018 WL 4110555 (N.D. Cal. Aug. 29, 2018) ........................................................ 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Wal-Mart Stores, Inc. v. Dukes*
564 U.S. 338 (2011) ................................................................................................. 16

*Warren v. Oil, Chem. & Atomic Workers*
729 F. Supp. 563 (E.D. Mich. 1989) .......................................................................... 9

*Watson v. Fort Worth Bank & Trust*
487 U.S. 977 (1988) ................................................................................................. 14

*W. Mining Council v. Watt*
643 F.2d 618 (9th Cir. 1981) ...................................................................................... 5

*Williams v. DTE Energy Co.*
2005 WL 2090886 (E.D. Mich. Aug. 30, 2005) .................................................... 9, 10

*Wise v. Verizon Commc'ns, Inc.*
600 F.3d 1180 (9th Cir. 2010) .................................................................................... 7

*Zamora v. Penske Truck Leasing Co., L.P.*
2021 WL 809403 (C.D. Cal. Mar. 3, 2021) ......................................................... 6, 17

**CALIFORNIA CASES**

*Guz v. Bechtel Nat'l Inc.*
24 Cal. 4th 317 (2000) ............................................................................................. 11

*Mahler v. Jud. Council of Cal.*
67 Cal. App. 5th 82 (2021) ................................................................................ 14, 15

**OTHER CASES**

*Nolan v. Otis Elevator Co.*
102 N.J. 30 (1986) ...................................................................................................... 9

**FEDERAL STATUTES**

29 U.S.C. §§ 1002(1), 1003 ........................................................................................ 6

29 U.S.C. § 1144(a) ..................................................................................................... 6

29 U.S.C. § 1144(d) ..................................................................................................... 8

42 U.S.C. § 2000e-5(f)(1) ........................................................................................... 9

**RULES**

Rule 8(a) ..................................................................................................................... 11

Rule 8(a)(2) ................................................................................................................ 11

Rule 12(b)(6) ............................................................................................................... 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Rule 12(f) .................................................................................................................... 10

Rule 23 ......................................................................................................................... 17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  I.  **INTRODUCTION**

2  　　Reyna Dempsey alleges that the eligibility criteria for fertility benefits offered under

3  Defendant GEICO's Medical, Dental and Vision Care Plan (the "Plan") discriminated against her

4  and a class of other GEICO employees in "non-heterosexual relationships" who sought fertility

5  benefits under the Plan.  The Plan required all participants—regardless of sex, sexual orientation,

6  or relationship status—to meet the Plan's definition of "infertility" in order to qualify for fertility

7  benefits.  Under the Plan's terms, participants could demonstrate infertility by (A) reporting six

8  months to one year of unprotected sex that did not result in conception, (B) providing a medical

9  diagnosis of infertility, or (C) showing 6 months to one year of failed therapeutic donor

10 insemination ("TDI").  *See* FAC ¶ 31.[1]  According to Plaintiff, these criteria support a

11 discrimination claim because they are allegedly "facially discriminatory" and because employees

12 in heterosexual couples could allegedly satisfy Option A by "self-reporting" that they had

13 unprotected sex for six months to one year, while employees in non-heterosexual couples allegedly

14 could not avail themselves of Option A.  *Id.* ¶¶ 31, 33.  On those bases, Plaintiff asserts a disparate

15 treatment claim and a disparate impact claim under the California Fair Employment and Housing

16 Act ("FEHA") against GEICO and Defendant United Health Services, Inc. ("United Health"), and

17 an additional claim against United Health.

18 　　The Court should dismiss each of Plaintiff's claims against GEICO.  As a threshold matter,

19 ERISA preempts each of her claims, and the FAC's reference to the "work-sharing agreement"

20 between the Equal Employment Opportunity Commission ("EEOC") and the California Civil

21 Rights Department ("CCRD") does not change this conclusion. *Id.* ¶¶ 69, 81.  The Court should

22 grant this Motion with prejudice for that reason alone.

23 　　Setting aside the insurmountable preemption hurdle that Plaintiff faces, her FAC also fails

24 to state facts sufficient to support any plausible claim.  First, Plaintiff's FEHA claim for disparate

25

26 [1] We refer to the three options as Options A, B and C.  The Plan defines TDI as "[i]nsemination

27 with a donor sperm sample for the purpose of conceiving a child." *See* Declaration of Brian Berry

28 ("Berry Decl.") Exhibit ("Ex.") A, Summary Plan Description, at 120; Request for Judicial Notice.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

treatment fails because the Plan's definition of infertility is facially neutral, and the FAC alleges no facts whatsoever to support a plausible inference that GEICO somehow intentionally discriminated against her (or others) on the basis of sex or sexual orientation. Second, Plaintiff's FEHA claim for disparate impact fails because, like her original Complaint, the FAC alleges neither the existence of a significant disparity between heterosexual and non-heterosexual GEICO employees who sought fertility benefits under the plan, nor any facts to satisfy the robust causation requirement that attaches to her disparate impact claim. Indeed, the FAC contains no statistics, data, comparative figures, or anecdotes to satisfy her pleading burden on either element.

In sum, the Court should grant this motion and dismiss each of Plaintiff's claims against GEICO, and the Court should do so with prejudice.

## II.    PROCEDURAL HISTORY

On January 24, 2024, Plaintiff filed her Class Action Complaint for Damages and Restitution (the "Complaint") against GEICO and United Health. The original Complaint contained six causes of action, five of which she alleged against both Defendants: (1) disparate treatment, in violation of the FEHA (Cause of Action 1); (ii) disparate impact, in violation of the FEHA (Cause of Action 2); (iii) Unlawful Business Act or Practice in Violation of the Unfair Competition Law ("UCL") (Cause of Action 4); (iv) Discrimination in Violation of the California Unruh Civil Rights Act (Cause of Action 5); and (v) unjust enrichment (Cause of Action 6). Plaintiff asserted her original Third Cause of Action, which alleged violations of the Affordable Care Act ("ACA"), against United Health exclusively.

On April 25, 2024, GEICO filed a Motion to Dismiss, in which it explained that (1) ERISA preempted each of Plaintiff's state law causes of action, and (2) the Complaint did not contain sufficient facts to support any of her statutory or common law causes of action. *See* ECF 30. Rather than respond to GEICO's Motion to Dismiss, Plaintiff filed her FAC on June 6, 2024 without the Court's leave. *See* ECF No. 43. The FAC abandons the UCL, Unruh Act, and unjust enrichment claims, but retains Plaintiff's FEHA and ACA causes of action. Like the original Complaint, the FAC asserts the ACA claim against United Health exclusively.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                    Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

### III.    SUMMARY OF ALLEGATIONS[2]

Plaintiff is a current employee of GEICO and a woman in a same-sex relationship.  FAC ¶ 24.  Since 2020, Plaintiff has been enrolled in the Plan, which provides participants with various healthcare benefits, including fertility services.  *Id.* ¶ 2, 3.  The Plan is a self-insured plan governed by ERISA.  *See* Berry Decl. Ex. A, at 123–24; Request for Judicial Notice.[3]  Under the terms of the Plan, participants become eligible for fertility benefits, such as artificial insemination, intrauterine insemination ("IUI")[4] and in vitro fertilization ("IVF"), if they meet the Plan's definition of "infertility."  *Id.* at 40.  During the time period when Plaintiff sought fertility benefits, the Plan defined "infertility," in relevant part, as:

-    You are not able to become pregnant after the following periods of time of regular unprotected intercourse or Therapeutic Donor Insemination:

    ◆ One year, if you are a female under age 35.

    ◆ Six months, if you are a female age 35 or older.

-    You are female and have failed to achieve or maintain a Pregnancy due to

---

[2] For purposes of this motion, GEICO accepts all factual allegations as true, but does not "accept as true [] legal conclusion[s] couched as [] factual allegation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  GEICO reserves the right to challenge all facts in the FAC at a later date.

[3] The Court may consider an extrinsic document on a motion to dismiss where the document is "integral to [the plaintiff's] claim, and directly referenced within the Complaint." *See Good Meat Project v. GOOD Meat, Inc.*, 2024 WL 1083462, at *11 (N.D. Cal. Feb. 12, 2024).  GEICO has introduced the Plan and the Summary Plan Description ("SPD") with this Motion.  *See* Berry Decl., Exs. A, B; Request for Judicial Notice.  The Court can consider the Plan and the SPD when assessing GEICO's Motion because the Complaint's references to the Plan are pervasive, and the Plan's fertility benefits terms underly each of Plaintiff's claims.  The Complaint refers to the SPD as the "Plan," so GEICO adopts Plaintiff's terminology herein for ease of reference.

[4] IUI is a process through which doctors place sperm directly into a woman's uterus using a small catheter.  *See* FAC ¶ 29.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

impotence/sexual dysfunction;

- You are female and have infertility that is not related to voluntary sterilization or failed reversal of voluntary sterilization.

- You are male and have a diagnosis of a male factor causing infertility (e.g. treatment of sperm abnormalities including the surgical recovery of sperm).

*See id.*

Plaintiff alleges that, in or around June 2020, she and her wife reviewed the Plan as they prepared to start a family. *See* FAC ¶ 40. Plaintiff was under the age of 35 and in a same-sex relationship at the time. *Id.* Plaintiff interpreted the Plan as requiring her to either receive a medical diagnosis of infertility or undergo one year of TDI to become eligible for fertility benefits. *Id.* Notably, however, the Plan does not require that a period of unprotected intercourse without conception occur between two individuals of the opposite sex. *See* Berry Decl., Ex. A at 40.

After reviewing the Plan, Plaintiff requested coverage for fertility benefits from Defendants because her doctor had diagnosed her with unspecified female infertility in July 2020. *See* FAC ¶ 40. Plaintiff alleges that Defendants did not accept her doctor's diagnosis and required that she undergo blood tests conducted by the fertility specialists covered by the Plan. *Id.* Plaintiff does not allege that the request was because of her sex or sexual orientation. *Id.* The in-network fertility specialists did not diagnose Plaintiff with infertility, and, thus, Plaintiff was ineligible for coverage/benefits at that time. *Id.* ¶¶ 40, 41. Following the denial, Plaintiff began IUI treatments and completed eight IUI cycles. *See id.* ¶¶ 10, 42. Plaintiff asserts that, throughout a sixteen-month period, her "requests for coverage continued to be denied" by Defendants. *See id*. ¶ 42. This, she claims, occurred despite the fact that she had seemingly met the Plan's definition of infertility by completing one year of IUI treatment. *Id.* ¶ 49.

On March 1, 2022, one of the Plan's preferred providers, Dr. Evan Rosenbluth, wrote a letter to UnitedHealth on Plaintiff's behalf, which Plaintiff alleges included an "infertility diagnosis." *See id.* ¶¶ 47, 48. Despite that diagnosis, United Health denied her request for fertility benefits later that month. *Id.* On May 10, 2022, over a year after she had commenced IUI treatment, Plaintiff appealed the March 2022 denial, at which time she "explain[ed] [that she had satisfied the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                    Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1     Plan's definition of 'infertility']." *Id.* ¶ 49. Her appeal also "included medical documentation that

2     she had been given separate diagnoses of female infertility . . . [in] July of 2020." *Id.* Due to an

3     administrative issue related to the way in which Plaintiff submitted the letter, United Health

4     required Plaintiff to resubmit the letter, and she did so on August 5, 2022. *See id.* ¶ 50. Plaintiff's

5     August 2022 request for benefits was denied on September 7, 2022. *Id.*

6        On November 2, 2022, United Health informed Plaintiff that it would start covering her

7     fertility treatments. *Id.* ¶ 52. Shortly thereafter, Plaintiff began IVF treatments and became

8     pregnant in March 2023. *Id.* ¶ 53.

9        On June 29, 2023, Plaintiff filed charges against GEICO and UnitedHealth with the Equal

10    Employment Opportunity Commission ("EEOC"). *Id.* ¶ 22; *see also* Exhibit A to FAC, ECF No.

11    42, at 26–28. On July 5, 2023, the EEOC issued a Notice of Right to Sue ("RTS Notice"), which

12    explained that a lawsuit under Title VII had to be filed within ninety days of Plaintiff's receipt of

13    the RTS Notice, i.e., by October 3, 2023. *See* Ex. A to FAC, ECF No. 42, at 29. Plaintiff failed to

14    meet that deadline. Instead, on January 24, 2024, Plaintiff filed the instant action, which alleges

15    five causes of action against GEICO under California state law.

16    **IV.**     **LEGAL STANDARD**

17        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint's

18    allegations. A court must dismiss a claim unless the complaint articulates "enough facts to state a

19    claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

20    Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). Under this standard, a

21    complaint must contain "more than labels and conclusions" or "a formulaic recitation of the

22    elements of a cause of action." *Twombly*, 550 U.S. at 555. Moreover, a court may not "assume the

23    truth of legal conclusions merely because they are cast in the form of factual allegations." *W.*

24    *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Rather, a court considers whether the

25    pleading's "factual allegations that are taken as true . . . plausibly suggest an entitlement to relief,"

26    such that "it is not unfair to require the opposing party to be subjected to the expense of discovery

27    and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

28        Dismissal is required when a complaint lacks a cognizable legal theory or fails to allege

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5     Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

facts sufficient to support a cognizable legal theory. *Twombly*, 550 U.S. at 555. In addition, a complaint must be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading. *Caponio v. Boilermakers Loc. 549*, 2017 WL 1477133, at *2 (N.D. Cal. Apr. 25, 2017). Preemption is one of those defenses. *Id.*

In a putative class action, the plausibility standard under *Twombly* applies not only to the named plaintiff's individual claims, but also to the class claims. *Mish v. TForce Freight, Inc.*, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) ("[D]istrict courts do dismiss class allegations … where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations"); *Zamora v. Penske Truck Leasing Co., L.P.*, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021) (dismissing class claims because "Plaintiffs do not assert any factual support for their class allegations . . . Plaintiffs cannot point to a fish in the surf to force Defendant on a deep-sea charter [of class discovery]").

## V.    ARGUMENT

### A.    ERISA Preempts Plaintiff's Claims.

Plaintiff's FEHA claims against GEICO arise from her theory that GEICO wrongfully denied Plan fertility benefits to her on the basis of her sex or sexual orientation. The Court must dismiss those claims because the Plan is a "self-funded welfare program" governed by ERISA, Berry Decl., Ex. A at 134; Berry Decl., Ex. B at 1; 29 U.S.C. §§ 1002(1), 1003, and ERISA preempts her claims.

#### 1.    Plaintiff's Claims "Relate To" the Plan.

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). When enacting ERISA's preemption clause, Congress aimed "to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995); *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 142 (1990) ("Section 514(a) was intended to ensure that plans and plan sponsors would be subject to a uniform body of benefits law[.]"). As a result, ERISA preemption is "'conspicuous for its breadth' and deliberately expansive.'" *Dean v. Jet Servs. W.,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    *Inc.*, 782 F. Supp. 498, 499 (S.D. Cal. 1991) (quoting *Ingersoll-Rand*, 498 U.S. at 138).

2    The Supreme Court has explained that a state law "relates to" an employee benefit plan "if

3    it has a connection with or reference to such a plan." *Travelers Ins. Co.*, 514 U.S. at 656 (citations

4    omitted). In turn, courts have explained that "[s]tate law claims 'relate to' an ERISA plan when

5    the plan is a critical factor in establishing liability, or when the purpose of the alleged misconduct

6    was to avoid payment under an ERISA plan." *Atwood v. Shore Commc'ns, Inc.*, 2009 WL

7    10691162, at *3 (E.D. Cal. Dec. 8, 2009) (citing *Ingersoll-Rand*, 498 U.S. at 140). ERISA

8    preemption applies even if the "state causes of action . . . (1) [a]re tort claims (unlike ERISA

9    claims), (2) they were based on an external state statutory duty, and (3) they did not duplicate

10   ERISA remedies." *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005).

11   Here, not only do Plaintiff's state-law claims "relate" to the Plan, they also directly arise

12   from and target the Plan. This is fatal to her claims because ERISA preempts claims where, as

13   here, the "existence of a[n ERISA-governed] plan is a critical factor in establishing liability." *See*

14   *Ingersoll-Rand*, 498 U.S. at 139–40; *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1191 (9th

15   Cir. 2010) (finding ERISA preemption where the plaintiff "must allege the existence of an ERISA

16   plan to state her claims under [state] law"); *Sarkisyan v. CIGNA Healthcare of Cal., Inc.*, 613 F.

17   Supp. 2d 1199, 1208 (C.D. Cal. 2009) (finding preemption when "CIGNA may be held liable . . .

18   only if Plaintiffs can prove that CIGNA's administration of the . . . Plan was unlawful," such that

19   liability would "derive[ ] entirely from . . . rights and obligations established by the . . . plan[]").

20   Indeed, Plaintiff predicates her discrimination claims under FEHA on the core allegation

21   that *the Plan's* infertility benefits are discriminatory. *See* FAC ¶ 74 (alleging in support of her

22   FEHA claim for disparate treatment that Defendants "denied [her] equal access to infertility

23   benefits under Defendants' insurance policy"); *Id.* ¶ 85 (alleging in support of her FEHA claim for

24   disparate impact that "[t]he specific employment practice being challenged is the insurance policy

25   and its discriminatory restrictions").

26   ERISA preempts those claims because they plainly relate to and even target the Plan. *See,*

27   *e.g., Wise*, 600 F.3d at 1191; *Dean*, 782 F. Supp. at 500 (concluding that ERISA preempted FEHA

28   age discrimination claim when complaint alleged that defendants engaged in discriminatory actions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7    Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

including "[p]roviding less favorable treatment, employment terms and benefits to older workers"); *Caponio,* 2017 WL 1477133, at *2 (finding preemption of state anti-discrimination claims when the "central allegation is that the defendants discriminated . . . against her by denying her ERISA plan benefits"); *Atwood*, 2009 WL 10691162, at *3 (finding preemption because "claims [we]re premised on . . . allegations that defendant's denial of coverage and access to medical care were unlawful," and thus "inextricably intertwined with defendant's ERISA plan"); *Martinez v. Maxim Prop. Mgmt.*, 1997 WL 564070, at *4 (N.D. Cal. Aug. 28, 1997) (finding preemption of FEHA claim when "[P]laintiff alleges that . . . his ability to receive . . . benefits was dependent on his age").

## 2.    ERISA's Savings Clause Does Not Salvage Plaintiff's Claims.

In an attempt to salvage her FEHA claims, Plaintiff's FAC notes the work-sharing agreement between the EEOC and CCRD and alleges that "[w]ithout FEHA, the CRD would be unable to prohibit discriminatory employment practices and would no longer be authorized to grant relief," which allegedly "would frustrate and impede joint state/federal enforcement of Title VII." FAC ¶¶ 69, 81. Those allegations represent Plaintiff's attempt to invoke ERISA's "savings clause" in order to shield her FEHA claims from preemption. But Plaintiff's contention is wrong as a matter of law.

ERISA's savings clause provides that "[n]othing in [the statute] shall be construed to alter, amend, modify, invalidate, impair, or supersede any ***law of the United States***." *See* 29 U.S.C. § 1144(d) (emphasis added). The Supreme Court has explained that the savings clause preserves federal laws and a narrow category of state laws. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103-05 (1983). The savings clause preserves state anti-discrimination statutes like FEHA only if their preemption would impair a federal law. *Id.* at 108–09. Thus, where a state-law claim would not be actionable under federal law, which is the case here, courts have consistently held that preemption would not impair federal law. *Hurlic v. S. Cal. Gas Co.*, 539 F.3d 1024, 1037 (9th Cir. 2008) (finding ERISA preemption of FEHA age discrimination claim where the plaintiffs sought "to invalidate the wear-away provision [in a defined contribution plan] under a broad, general anti-age discrimination provision—something they would not be allowed to do under the ADEA."); *see*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8    Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    *also Brown v. Sysco Food Servs. of Metro N.Y. LLC*, 2014 WL 5410650, at *4 (D.N.J. Oct. 22,

2    2014); *Alston v. Atl. Elec. Co.*, 962 F. Supp. 616, 625 (D.N.J. 1997); *Williams v. DTE Energy Co.*,

3    2005 WL 2090886, at *2 (E.D. Mich. Aug. 30, 2005); *Mgmt. Emps. of AT&T v. AT&T*, 1999 WL

4    334751, at *3 (D.N.J. Apr. 23, 1999); *Warren v. Oil, Chem. & Atomic Workers*, 729 F. Supp. 563,

5    565-66 (E.D. Mich. 1989).

6          Here, ERISA's savings clause does not apply to Plaintiff's FEHA claims because they are

7    time-barred under Title VII.  Indeed, the EEOC's Right to Sue Notice informed Plaintiff on July 5,

8    2023, that she had 90 days, or up to October 3, 2023, to file suit against GEICO.  *See* Ex. A to FAC,

9    ECF No. 43, at 29; *see also* 42 U.S.C. § 2000e-5(f)(1); *Gonzalez v Stanford Applied Eng'g, Inc.*,

10   597 F.2d 1298, 1299 (9th Cir 1979) (Title VII complaint filed on 91st day was time-barred).[5]

11   Plaintiff did not do so.  Instead, she filed this lawsuit on January 24, 2024.  As a result, Plaintiff

12   cannot invoke ERISA's savings clause because she failed to timely file her discrimination claims

13   within the statute of limitations required under federal law.  *See, e.g.*, *Loffredo v. Daimler AG*, 54

14   F. Supp. 3d 729, 738–39 (E.D. Mich. 2014) (explaining that preemption of a claim that was time-

15   barred under the ADEA "could in no way be said to impair the operation of the ADEA"); *Nolan v.*

16   *Otis Elevator Co.*, 102 N.J. 30, 46 (1986) (finding ERISA preempted age discrimination claim

17   under New Jersey state law that was time-barred under the ADEA because "invocation of the state

18   judicial remedy after a federal remedy is no longer available does not further the federal program").

19         The Sixth Circuit's analysis in *Loffredo* is instructive.  *Loffredo* involved an appeal of the

20

21   [5] *See also Theodule v. Blue Mercury*, 2018 WL 4110555, at *2 (N.D. Cal. Aug. 29, 2018) ("The

22   90-day period 'operates as a limitations period.'" (quoting *Payan v. Aramark Mgmt. Servs. Ltd.*

23   *P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101,

24   1106 (9th Cir. 2018) (stating that there are "effectively two limitations periods for Title VII

25   claims," which include the requirement to file a charge "within 180 days after the allegedly

26   unlawful employment practice occurred" and "after exhausting administrative remedies," filing a

27   civil action within 90 days of the right to sue notice).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9                                    Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

district court's order dismissing an age discrimination claim under Michigan's anti-discrimination law (the Elliott–Larsen Civil Rights Act or "ELCRA") because the plaintiffs had filed their claim "outside of the statute of limitations imposed by the ADEA." *Loffredo*, 54 F. Supp. 3d at 738–39. The Sixth Circuit affirmed the dismissal order, explaining that "Congress's concern in preempting state laws under ERISA, as expressed by ERISA's savings clause, was the impairment and modification of federal law, not state law." *Loffredo v. Daimler AG*, 666 F. App'x 370, 378 (6th Cir. 2016).

Because Plaintiff failed to file her FEHA claims within the 90-day limitations period, ERISA's preemption of her FEHA claims "neither impairs nor modifies federal law." *Loffredo II*, 666 F. App'x at 376, 378 (6th Cir. 2016) (describing the Supreme Court's holding in *Shaw* and noting that a state law claim is saved **only** "***to the extent*** it provided a means of enforcing Title VII's commands" (emphasis added)); *see also Brown*, 2014 WL 5410650, at *4 (finding NJLAD claim preempted by ERISA because plaintiff did not exhaust administrative remedies applicable to corresponding federal law); *Alston*, 962 F. Supp. at 625 (finding preemption when the "employment practices here would not be actionable under the ADEA"); *Williams v. DTE Energy Co.*, 2005 WL 2090886, at *2 (E.D. Mich. Aug. 30, 2005) ("[S]ince Plaintiffs' state claim is preempted by ERISA and since there is no possible federal age discrimination claim, this Court determines that Plaintiffs have failed to state a claim upon which relief can be granted."); *Mgmt. Emps. of AT&T*, 1999 WL 334751, at *3 (noting that to survive preemption, the state "age discrimination claim must be brought within the statute of limitations established by the ADEA, regardless of whether the NJLAD provides for a longer prescriptive period").

### 3.  The Court Should Strike the FCA's Prayer for Uncapped Compensatory Damages and Punitive Damages.

In sum, ERISA preempts Plaintiff's FEHA claims.  But even if ERISA did not preempt them, the Court should still exercise its powers under Rule 12(f) to strike the FAC's prayer for uncapped compensatory damages and punitive damages because those remedies are unique to FEHA and are not available under Title VII. *See, e.g., Russell v. Mass. Mut. Life Ins. Co.*, 722 F.2d 482, 485 (9th Cir. 1983) (affirming district court ruling that a "claim for extracontractual damages

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                                                          Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

and punitive damages arising out of the denial of her disability claim was barred under ERISA"),
*rev'd on other grounds*, 473 U.S. 134, 138 n. 4 (1985); *Cox ex rel. Cox v. Reliance Standard Life Ins. Co.*, 2013 WL 2156546, at *10 (E.D. Cal. May 17, 2013) (finding that ERISA preempted the plaintiff's claim for punitive damages).

### B.     Plaintiff Fails to Allege Facts Sufficient to State A Plausible Claim.

To allege a claim for disparate treatment under FEHA, a plaintiff must allege that (i) she suffered an adverse action, and (ii) circumstances that suggest the employer acted with a discriminatory motive. *See, e.g., Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 323 (2000). Plaintiff asserts that the Plan was "facially discriminatory" because satisfying the eligibility requirements for infertility benefits under Option A (i.e., 6 months to one year of sexual intercourse without a pregnancy) is allegedly not possible for non-heterosexual couples because they cannot get pregnant through sexual intercourse with each other. *See FAC ¶¶ 4, 15, 30, 39, 88.* She further asserts that the Plan was discriminatory because heterosexual couples can satisfy Option A by "merely self-represent[ing]" that they were unable to achieve pregnancy after having unprotected sex for six months to one year. FAC ¶ 27; *see also id.* ¶¶ 34, 41.[6] But Plaintiff's allegations are insufficient to state a claim.

### 1.     The Plan Is Facially Neutral.

There is no merit to Plaintiff's assertion that the Plan is "facially discriminatory." The Plan's language is facially neutral because there is ***no*** reference to sex or sexual orientation in the Plan's fertility-qualification criteria. *See, e.g., De La Cruz v. Tormey*, 582 F.2d 45, 49 (9th Cir. 1978) (holding that a policy is facially neutral, and thus not facially discriminatory, unless it

---

[6] Plaintiff conveniently lumps GEICO and the United Health Defendants together for many of the allegations in the Complaint, which fails to satisfy Rule 8(a)'s notice requirement. *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) ("[A] complaint which 'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996))).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

"explicitly classifies or distinguishes among persons by reference to criteria. . . which have been determined improper bases for differentiation"). Based on a plain reading of the Plan, heterosexual women without a male partner were subject to the same infertility terms as Plaintiff, and thus would have needed to complete TDI for the same period of time before they became eligible for fertility benefits. Similarly, heterosexual males without a female partner could become eligible for fertility benefits only through a medical diagnosis of infertility. In addition, although Plaintiff contends that individuals in heterosexual relationships would not incur costs before they became eligible for fertility benefits, *see* FAC ¶¶ 6, 7, 33, 88, 99, she simply ignores the costs of various treatments and medications that those individuals would have to incur to increase the likelihood of a successful pregnancy during the six- to twelve-month period that they did not qualify for benefits. More generally, Plaintiff's narrow conception of a "non-heterosexual" person and relationship fails to account for individuals and couples in non-traditional relationships who could take advantage of all three Options in seeking fertility treatments.[7]

Courts interpreting similar allegations have consistently concluded that a policy is not "facially discriminatory" where, as here, no classification by protected category explicitly appears and it requires inferences or presumptions that are not evident on the face of the policy. *See, e.g., Makor v. BNSF Ry. Co.*, 2015 WL 13344903, at *5-6 (C.D. Cal. Mar. 20, 2015), *aff'd sub nom. Makor v. Burlington N. Santa Fe Ry. Co.*, 680 F. App'x 542 (9th Cir. 2017) (in a disability case, rejecting argument that employer's policy that permitted termination of an employee who stayed on short-term disability leave for more than 12 weeks was "facially discriminatory" because that conclusion required "inference or presumption"); *De La Cruz*, 582 F.2d at 50 (finding that

---

[7] Specifically, and as just one example, an individual born "female" with female genitalia could be in a relationship with an individual who identifies as "female" but was born with and still has male genitalia. That couple, which Plaintiff characterizes as non-heterosexual, could conceive a child through direct egg-to-sperm contact or report an inability to do so and establish infertility through Option A without incurring any of the costs or delay Plaintiff claims all non-heterosexual couples must incur.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12                                                                  Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1 | community college's decision not to provide on-campus childcare facilities was not facially
2 | discriminatory against women, emphasizing that "[n]o classification by sex or employment of
3 | gender-related criteria appears"); *Dollar v. Goleta Water Dist.*, 2022 WL 5176904, at *4-5 (C.D.
4 | Cal. Oct. 3, 2022) (finding that policy imposing restrictions on employees who did not obtain the
5 | COVID-19 vaccine was not facially discriminatory on the basis of religion, emphasizing that the
6 | "policy treats [the plaintiff] differently from other employees because of their vaccination status,
7 | not because of their religion"). As in these cases, the Plan is not facially discriminatory because
8 | there is no explicit categorization on the basis of sexual orientation or any other protected category,
9 | nor are such categorizations evident on the face of the Plan without the need to make inferences or
10 | presumptions.

### 2. No Facts Support Plaintiff's Speculation that Heterosexual Couples Could Comply with Option A By Self-Reporting.

13 | In the FAC, Plaintiff alleges that "[f]or heterosexual couples, Option A was available and
14 | allowed them to receive IVF without incurring any out-of-pocket costs." *See* FAC ¶ 6. She also
15 | alleges that "an individual in a heterosexual relationship who did not wish to or was unable to pay
16 | for out-of-pocket costs . . . needed to only represent to Defendants that they engaged in unprotected
17 | sex without conception for the requisite period of time." *Id.* ¶ 33. However, Plaintiff does not allege
18 | the factual basis for these conclusions or identify any actual heterosexual comparator who received
19 | fertility benefits by self-reporting under Option A. FAC ¶¶ 9, 33, 34, 37, 41. These statements
20 | are mere conjecture and speculation without any factual support. Moreover, Plaintiff does not
21 | identify a single heterosexual employee that GEICO (or UnitedHealth) treated more favorably than
22 | her.

23 | The Complaint therefore lacks facts sufficient to support a plausible inference of disparate
24 | treatment. *See, e.g., Banaga v. GEICO*, 2019 WL 2451418, at *9 (S.D. Cal. June 12, 2019)
25 | (dismissing FEHA claim because a facially neutral policy, "without more," cannot support a
26 | disparate treatment claim, and the complaint was "silent with respect to any allegations that GEICO
27 | intended to discriminate—or treated [p]laintiff differently—based on his disability."); *Ali v. Silicon
28 | Valley Bank*, 2019 WL 8752054, at *2 (N.D. Cal. Jan. 28, 2019) *aff'd*, 797 F. App'x 318 (9th Cir.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13                                                     Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

2020) (dismissing discrimination claims when "allegations remain purely speculative and unsupported by any substantive facts"); *Napear v. Bonneville Int'l Corp.*, 669 F. Supp. 3d 948, 960 (E.D. Cal. 2023) (dismissing discrimination claim when the complaint contained no allegations from which an "inference could be drawn that defendant terminated plaintiff because of his religious beliefs"); *Bowman v. Adams & Assocs., Inc.*, 2020 WL 1673897, at *5 (E.D. Cal. Apr. 6, 2020) (dismissing FEHA claim when "Plaintiff's generic allegations that Defendant knew she is African American and 'was targeting . . . minority employees' [we]re insufficient to demonstrate discriminatory motive").[8]

The Court should therefore dismiss Plaintiff's disparate treatment claims under FEHA.

### 3.    Plaintiff's Disparate Impact Claim Fails Because She Pleads Neither A Significant Disparity Nor Causation.

As the FAC explains, "[u]nder a disparate impact theory, a plaintiff is required to 1) 'identify[] the specific employment practice that is challenged' and 2) prove causation by 'offer[ing] statistical evidence of a kind and degree sufficient to show that the practice in question' caused the adverse employment action." FAC ¶ 84 (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994-95 (1988)); *see also Mahler v. Jud. Council of Cal.*, 67 Cal. App. 5th 82, 112 (2021) (explaining that a plaintiff must allege and ultimately prove that "regardless of motive, a facially neutral employer practice or policy. . . in fact had a disproportionate adverse effect on members of the protected class.")   Plaintiff's FEHA disparate impact claim satisfies neither element.

First, the FAC alleges no facts that plausibly suggest the existence of a significant disparity in outcomes under the Plan for non-heterosexual couples.   The FAC alleges that because "no

---

[8] *See also Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (dismissing FEHA claim when "there are no facts indicating that defendant's decision to place her on leave was because of her age"); *Taylor v. Adams & Assocs., Inc.*, 2018 WL 4027051, at *3 (E.D. Cal. Aug. 21, 2018), *aff'd*, 817 F. App'x 510 (9th Cir. 2020) ("Plaintiff has not alleged facts showing she was treated differently than similarly situated individuals").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

individuals in non-heterosexual relationships could qualify under the self-reporting avenue, they were impacted disproportionately compared to heterosexual individuals seeking the same fertility benefits." FAC ¶ 88. Setting aside this conclusory assertion, the FAC offers no comparative figures, statistics, data, or even anecdotes to support an inference that the Plan actually resulted in any putative disparity in outcomes for non-heterosexual couples, let alone a significant disparity sufficient to support a disparate impact claim. Plaintiff's disparate impact claim therefore fails. *See, e.g., Borodaenko v. Twitter, Inc.*, 2023 WL 3294581, at *4 (N.D. Cal. May 5, 2023) (dismissing disparate impact claim because "[i]t is not enough for Plaintiff to assert that 'it is reasonable to infer' that Defendant's new policies 'would have a disparate impact on individuals with disabilities'. . . . Plaintiff must provide factual support for this conclusion."); *Obrien v. Amazon.com Inc.,* 2023 WL 2207893, at *5 (N.D. Cal. Jan. 27, 2023) (dismissing disparate impact claim because "there is nothing [in the complaint] to demonstrate that there is any statistical adverse impact on the putative class because there is no information specific to the putative class [in the complaint].");  *Mahler*, 67 Cal. App. 5th at 115 (dismissing FEHA disparate impact claim when there were "no specifics as to the total number of participants in the [challenged program], or the number of participants allegedly adversely impacted by the challenged changes to the program, or even the age 'group' allegedly adversely impacted"); *Mora v. US Bank*, 2015 WL 4537218, at *8 (C.D. Cal. July 27, 2015) (dismissing disparate impact claim because plaintiff "d[id] not clearly allege, in a non-conclusory way, that Hispanic/Latino borrowers actually have worse outcomes under Defendant's policies than other racial or ethnic groups do. This is key in alleging disparate impact— a plaintiff must allege actual impact on the relevant group.")

Second, the Complaint pleads no facts, much less sufficient facts, to satisfy the "robust causality requirement" applicable to Plaintiff's disparate impact claim.  *Mahler*, 67 Cal. App. 5th at 113 (quoting *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 542 (2015)).  Instead, based only on her own speculation, Plaintiff asks the Court to leap to a series of conclusions that lack factual support in the FAC, including that (i) heterosexual couples requested infertility benefits by self-reporting that they engaged in unprotected sex for a period of time without a successful pregnancy; (ii) no non-heterosexual couple could or did use the self-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15                    Case No. 5:24-cv-00425-EJD
DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

reporting option; and (iii) "non-heterosexual" couples, as defined in the FAC, cannot become pregnant through unprotected intercourse. Such unsupported rank speculation fails to meet the pleading requirement for causality. Plaintiff's disparate impact claim therefore fails for this reason as well. *See, e.g.*, *Fujishige v. Amazon.com Servs. LLC*, 2024 WL 348826, at *7 (N.D. Cal. Jan. 30, 2024) (Davila, J.) (dismissing disparate impact claim because the complaint lacked statistics or anecdotal allegations "to demonstrate the requisite causation"); *Brown v. FPI Mgmt., Inc*., 2012 WL 629182, at *4 (N.D. Cal. Feb. 27, 2012) ("Plaintiff fails to do anything more than speculate regarding the effect of Defendants' practices on other African–American employees"); *Baker v. City of San Diego*, 463 F. Supp. 3d 1091, 1103 (S.D. Cal. 2020) (dismissing disparate impact claim for failure "to allege any casual connection between waiving development impact fees and the statistical data. Plaintiffs have failed to establish a robust causal connection between the statistical disparity and the City's policy.").

## C.     Plaintiff Fails to Plausibly Plead Class Claims.

Class claims "must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Jue v. Costco Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010). An essential element of the class device is that the named plaintiff's "claims must depend on a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

The FAC does nothing but generically allege that Plaintiff is similarly situated to Plan participants in non-heterosexual relationships who sought infertility benefits. FAC ¶ 73. But Plaintiff has pleaded no facts to suggest that there was even one other Plan participant who was in a non-heterosexual relationship and who could not invoke Option A or who otherwise was subject to any discriminatory treatment under the Plan. Under these circumstances, where the named plaintiff fails to allege facts that plausibly suggest that any putative class members had similar experiences, courts in the Ninth Circuit will dismiss class claims. *See, e.g., Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) ("Plaintiff alleges no facts to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16                                              Case No. 5:24-cv-00425-EJD

DEFENDANT GEICO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    demonstrate or even suggest that any member of the putative class had similar work experiences");

2    *Zamora v. Penske Truck Leasing Co., L.P.*, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021)

3    ("Whether Plaintiffs adequately allege claims on their own behalf is beside the point. Plaintiffs do

4    not assert any factual support for their class allegations."); *Kittel v. City of Oxnard*, 2018 WL

5    6004524, at *9 (C.D. Cal. Feb. 20, 2018) (dismissing class discrimination claims and reasoning

6    that "[t]here are simply too many individualized inquiries necessary for Plaintiff to possibly meet

7    the commonality and typicality requirements of Rule 23").

8         **D.    The Court Should Not Grant Leave to Amend.**

9         A court may dismiss a claim without leave to amend if the plaintiff cannot cure a defect by

10   amending the complaint to allege additional facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

11   Cir. 2000).  Here, Plaintiff cannot allege any additional facts that would save her state-law claims,

12   which are the only claims that she asserts against GEICO, because her express reliance on the Plan

13   as the exclusive source of GEICO's liability confirms that ERISA preempts each claim.

14   **VI.    CONCLUSION**

15        For all the foregoing reasons, the Court should dismiss the FEHA claims asserted against

16   GEICO in Plaintiff's FAC without leave to amend.

17   / / /

18   / / /

19   Dated: June 27, 2024                          **MORGAN, LEWIS & BOCKIUS LLP**

20

21                                                 By:   */s/ Brian D. Berry*

22                                                       Brian D. Berry
                                                         J.P. Schreiber

23                                                 Attorneys for Defendant
                                                   GOVERNMENT EMPLOYEES
24                                                 INSURANCE COMPANY

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17                          Case No. 5:24-cv-00425-EJD