GIBSON, DUNN & CRUTCHER LLP
HEATHER L. RICHARDSON, SBN 246517
    HRichardson@gibsondunn.com
LAUREN M. BLAS, SBN 296823
    LBlas@gibsondunn.com
ANGELA REID, SBN 323057
    AReid@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:    213.229.7000
Facsimile:    213.229.7520

GIBSON, DUNN & CRUTCHER LLP
JENNAFER M. TRYCK, SBN 291088
    JTryck@gibsondunn.com
MARCUS CURTIS, SBN 307726
    MCurtis@gibsondunn.com
3161 Michelson Drive
Irvine, California  92612
Telephone:    949.451.3800
Facsimile:    949.451.4220

*Attorneys for Defendant*
*United HealthCare Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Reyna Dempsey, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>Government Employees Insurance Company, United HealthCare Services, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00425-EKL-VKD<br><br>**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S  REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing:**<br>Date:          December 4, 2024<br>Time:         10:00 a.m.<br>Place:         Courtroom 7<br><br>Hon. Eumi K. Lee |

## I. INTRODUCTION

Plaintiff's opposition to United's request for judicial notice cannot overcome the straightforward application of FRE 201: the two articles authored by the Practice Committee of the American Society for Reproductive Medicine (ASRM), and the definitions of "infertility" contained therein, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, the Court should take judicial notice of "the existence and contents" of these articles in resolving United's motion to dismiss. *In re Meta Pixel Tax Filing Cases*, --- F. Supp. 3d ----, 2024 WL 1251350, at *3 (N.D. Cal. Mar. 25, 2024).

## II. ARGUMENT

Plaintiff's arguments opposing judicial notice are not well-founded.

***First***, Plaintiff objects to judicial notice on grounds that United is "attempt[ing] to rely on the statements in the [articles] for the truth of the matter asserted." Opp. 2. That's incorrect. United seeks judicial notice of "the existence and contents" of the articles, not the truth of their contents. *See* RJN 1-2 (quoting *Meta Pixel Tax*, 2024 WL 1251350, at *3). Specifically, United requests the Court take judicial notice of the existence of the ASRM articles, and the definitions of infertility contained within those articles, to show that these definitions of infertility were published by leading authorities in reproductive medicine at the relevant time. This request thus falls squarely within what FRE 201 permits. Indeed, Plaintiff doesn't dispute that the Court can take judicial notice of "private-party publications" to establish "what was in the public realm at the time." Opp. 2. That's precisely what United is asking the Court to do here: "judicially notice the fact that the Practice Committee of the American Society for Reproductive Medicine described 'infertility' in Exhibits 1 and 2" consistent with the definitions contained therein. RJN 2. There is nothing improper, or out of the ordinary, about that request.

Plaintiff relatedly argues that the Court shouldn't take judicial notice of the ASRM's definitions of infertility because the definitions are "not an undisputed scientific fact," but rather "an opinion created by a committee of doctors which is subject to revision over time." Opp. 2. But again, United is not asking the Court to accept the ASRM's definitions of infertility as "undisputed scientific fact"; United only requests that the Court judicially notice the relevant articles "for the publication of such

[definitions] and relevant discussion in the [medical] community." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 60 n.2 (2d Cir. 2020). That is precisely what judicial notice is for.

***Second***, Plaintiff goes even further to argue that the Court shouldn't even take judicial notice of the existence and contents of the articles because the "mere existence" of the articles and definitions "has no bearing on United's motion to dismiss." Opp. 3. Unsurprisingly, Plaintiff cites no authority for that dubious claim, which is untethered from the analysis undertaken by federal courts on a motion to dismiss. On a Rule 12(b)(6) motion, courts may properly consider materials subject to judicial notice. *Sutter's Place, Inc. v. Zurich Am. Ins. Co.*, 2022 WL 767280, at *3 (N.D. Cal. Mar. 14, 2022). Such consideration is especially important where, as here, those materials go directly to one of the fundamental questions underlying the plausibility inquiry—namely, whether "the complaint does not plausibly state a claim for relief" because "an innocent explanation for the allegations is more likely." *Nielsen v. Thornell*, 101 F. 4th 1164, 1169 (9th Cir. 2024). As United argues at length (MTD 8-9), the fact that the Plan's definition of infertility was the same as the definition used by the leading professional organization of experts in fertility and reproductive medicine renders Plaintiff's claims of intentional discrimination implausible. Plaintiff contends that such a conclusion would inappropriately require "further factual leaps" beyond the existence and contents of the ASRM definitions (Opp. 3), but that is incorrect and again misconstrues the relevant analysis. On a motion to dismiss, courts conduct a "context-specific" analysis that takes into account an "obvious alternative explanation" for the allegations. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 682 (2009)). The ASRM definitions of infertility are directly relevant to that analysis, and the Court should judicially notice the ASRM articles and definitions contained therein.

### III.   CONCLUSION

For the foregoing reasons, and the reasons outlined in United's request for judicial notice, the Court should take judicial notice of Exhibits 1 and 2, including the definitions of "infertility" contained therein.

//

//

| | | |
|---|---|---|
| 1 | DATED: October 3, 2024 | Respectfully submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| 4 | | By: */s/ Jennafer M. Tryck*<br>    Jennafer M. Tryck |
| 5 | | Attorneys for Defendant<br>United HealthCare Services, Inc. |