UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA DEMPSEY,<br><br>   Plaintiff,<br><br>  v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.,<br><br>   Defendants. | Case No. 24-cv-00425-EKL<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 46, 70, 71 |

  This putative class action arises from an allegedly discriminatory health insurance policy. Plaintiff Reyna Dempsey initially brought this action against Defendants United Healthcare Services, Inc. ("United Health") and Government Employees Insurance Co. ("GEICO"). First Am. Compl. ¶¶ 1-2, 67-101, ECF No. 42 ("FAC"). Both Defendants moved to dismiss, but in advance of the motion hearing, GEICO informed the Court that it had reached a settlement in principle with Dempsey. In light of the settlement, GEICO's motion to dismiss was terminated as moot. On February 27, 2025, Dempsey voluntarily dismissed her individual claims against GEICO with prejudice, but without prejudice to any potential claims of putative class members. Am. Stip. of Dismissal, ECF No. 70. The Court now resolves United Health's pending motion to dismiss. *See* Mot. to Dismiss, ECF No. 46.[1]

  On February 28, 2025, at the Court's direction, Dempsey filed a proposed second amended complaint "to clarify the remaining claims and the scope of the class or classes that Dempsey seeks to represent." Order at 2, ECF No. 69; Second Am. Compl., ECF No. 71-1 ("SAC"). The

---

[1] The Court assumes the parties' familiarity with the facts and the legal standard for a motion to dismiss. This Order references only those facts in the first amended complaint that are relevant to the Court's holding.

1  proposed second amended complaint asserts just one cause of action against United Health:

2  discrimination on the basis of sex in violation of section 1557 of the Affordable Care Act

3  ("ACA"), 42 U.S.C. § 18116. SAC ¶¶ 63-73. Dempsey no longer asserts claims under the Fair

4  Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940. *See Lacey v. Maricopa Cnty.*,

5  693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[F]or any claims voluntarily dismissed, we will

6  consider those claims to be waived if not repled."). Because Dempsey has abandoned the FEHA

7  claims, United Health's Motion to Dismiss these claims is DENIED as moot.

8      With respect to the ACA claim, the Court adopts the tentative ruling announced at the

9  December 4, 2024 motion hearing and DENIES United Health's Motion to Dismiss. The Court

10  finds that the first amended complaint plausibly alleged that United Health's insurance policy

11  discriminates on the basis of sex with respect to covered fertility services. To state a sex

12  discrimination claim under section 1557 of the ACA, Dempsey must plausibly allege that: (1) the

13  defendant is a healthcare program receiving federal financial assistance; (2) the defendant

14  discriminated against the plaintiff in the provision of healthcare benefits; and (3) the

15  discrimination was on the basis of sex. *See Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946

16  (9th Cir. 2020); *Berton v. Aetna Inc.*, No. 23-cv-01849-HSG, 2024 WL 869651, at *3 (N.D. Cal.

17  Feb. 29, 2024). The first element is not disputed. *See* Mot. at 7-13.

18      Dempsey plausibly alleges that the policy is facially discriminatory, thus satisfying the

19  second element of her ACA claim. "A facially discriminatory policy is one which on its face

20  applies less favorably to a protected group." *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041,

21  1048 (9th Cir. 2007); *see also Berton*, 2024 WL 869651, at *3 ("Where a claim of discriminatory

22  treatment is based upon facial discrimination, a plaintiff 'need not otherwise establish the presence

23  of discriminatory intent.'" (quoting *Gerdom v. Cont'l Airlines, Inc.*, 692 F.2d 602, 608 (9th Cir.

24  1982))). Here, the policy is facially discriminatory because it imposes different and more

25  demanding burdens on non-heterosexual couples to obtain fertility services as compared to

26  heterosexual couples. Specifically, heterosexual couples may qualify for fertility services by

27  reporting that they were unable to become pregnant after six months to one year of unprotected

28  sexual intercourse. FAC ¶ 31 & n.2. This no-cost option was not available to Dempsey and others

in non-heterosexual relationships as they "do not have the ability to become pregnant through sexual intercourse with each other." *Id.* ¶ 34. Dempsey alleges that the alternative methods for obtaining coverage were illusory or were substantially more burdensome, as they imposed significant financial and medical burdens on Dempsey to demonstrate infertility. *Id.* ¶¶ 35-36, 39-50. These allegations plausibly state facial discrimination. *See Berton*, 2024 WL 869651, at *4 (holding that plaintiff plausibly alleged ACA claim where health insurance policy "impose[d] an unequal burden on same-sex couples as compared to opposite-sex couples"); *see also Murphy v. Health Care Serv. Corp.*, No. 22-cv-2656, 2023 WL 6847105, at *4 (N.D. Ill. Oct. 17, 2023) (holding that plaintiff plausibly alleged ACA claim because "a significant portion of [the] LGBTQ community . . . cannot meet the definition of infertility without incurring out-of-pocket costs, whereas their straight counterparts can").

Finally, Dempsey plausibly alleges that the policy discriminates on the basis of sex, thus satisfying the third element of her ACA claim. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 665 (2020) (holding that discrimination on the basis of sexual orientation "necessarily and intentionally discriminates against that individual in part because of sex"); *see also Doe v. Snyder*, 28 F.4th 103, 113-14 (9th Cir. 2022) (applying *Bostock* to section 1557 claims).

Accordingly, United Health's Motion to Dismiss is DENIED. Dempsey's second amended complaint, ECF No. 71-1, is deemed filed as of the date of this Order. United Health shall file its responsive pleading to the second amended complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: March 4, 2025

Eumi K. Lee
United States District Judge