1   GIBSON, DUNN & CRUTCHER LLP
    HEATHER L. RICHARDSON, SBN 246517
2       hrichardson@gibsondunn.com
    LAUREN M. BLAS, SBN 296823
3       lblas@gibsondunn.com
    ANGELA REID, SBN 323057
4       areid@gibsondunn.com
    333 South Grand Avenue
5   Los Angeles, California 90071-3197
    Telephone:    213.229.7000
6   Facsimile:    213.229.7520

7   GIBSON, DUNN & CRUTCHER LLP
    JENNAFER M. TRYCK, SBN 291088
8       jtryck@gibsondunn.com
    MARCUS CURTIS, SBN 307726
9       mcurtis@gibsondunn.com
    3161 Michelson Drive
10  Irvine, California 92612
    Telephone:    949.451.3800
11  Facsimile:    949.451.4220

12  *Attorneys for Defendant*
    *United HealthCare Services, Inc.*

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                    SAN JOSE DIVISION

17  Reyna Dempsey, individually, on behalf of          CASE NO. 5:24-cv-00425-EKL-VKD
    others similarly situated, and on behalf of the
18  general public,                                    **DEFENDANT UNITED HEALTHCARE
                                                       SERVICES, INC'S ANSWER TO
19              Plaintiff,                              PLAINTIFF'S SECOND AMENDED
                                                       CLASS ACTION COMPLAINT**
20          v.

21  United HealthCare Services, Inc. and DOES 1
    through 10, inclusive,
22
                Defendants.
23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Defendant United HealthCare Services, Inc. ("United"), by and through its undersigned counsel, answers the allegations in Plaintiff Reyna Dempsey's Second Amended Class Action Complaint (Dkt. No. 74), according to its numbered paragraphs as follows below. United denies all allegations in the Second Amended Complaint not expressly admitted herein. United states that all headings, sub-headings, and footnotes throughout the Second Amended Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, United denies the allegations in the headings, sub-headings, and footnotes in the Second Amended Complaint. By filing this Answer, United does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) and any other defenses asserted in future motions or submissions to the Court. United reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## "SUMMARY"

1. The allegations in Paragraph 1, including footnote 1, characterize Plaintiff's claims and state legal conclusions to which no response is required. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that Plaintiff was a member of a self-funded health-benefit plan offered to her by her employer, GEICO, which was formerly administered by United.

2. Denied.

3. Any relevant policies or guidelines referenced in Paragraph 3 speak for themselves, and no response is required to allegations purporting to characterize them. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

4. The allegations in Paragraph 4 characterize Plaintiff's claims and state legal conclusions to which no response is required. United further avers that any relevant policies or guidelines referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

5. The allegations in Paragraph 5 characterize Plaintiff's claims and state legal conclusions to which no response is required. United further avers that any relevant policies or guidelines

referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

6.    The allegations in Paragraph 6 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that any relevant policies or guidelines referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

7.    The allegations in Paragraph 7 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that any relevant policies or guidelines referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

8.    United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 and on that basis denies them.

9.    United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 and on that basis denies them.  To the extent this Paragraph purports to characterize United's policies or guidelines, United denies any such characterization or supporting factual allegation.

10.    The allegations in Paragraph 10 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10, and on that basis denies them.

11.    The allegations in Paragraph 11 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that the correspondence between Plaintiff and United speaks for itself, and no response is required to allegations purporting to characterize that correspondence.  To the extent a response is required, United denies any factual allegations stated or implied in this Paragraph, except to admit that some of Plaintiff's claims for

fertility services coverage for which she was ineligible under her health benefit plan's criteria were denied.

12. Any relevant written policies or guidelines referenced in Paragraph 12 speak for themselves, and no response is required to allegations purporting to characterize them. The remaining allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that it is aware the definition of "infertility" relating to some of the health benefit plans at issue changed in or around July 2023.

13. The allegations in Paragraph 13 characterize Plaintiff's claims and state legal conclusions to which no response is required. United further avers that any relevant written policies or guidelines referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

14. United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 concerning whether members of Plan BCWN (550) for Insperity Holdings, Inc. are "in non-heterosexual relationships," and on that basis denies the allegations in this Paragraph.

15. The allegations in Paragraph 15 characterize Plaintiff's claims and state legal conclusions to which no response is required. United further avers that any relevant written policies or guidelines referenced in this Paragraph speaks for themselves, and no response is required to allegations purporting to characterize them. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

16. The allegations in Paragraph 16 characterize Plaintiff's claims and state legal conclusions to which no response is required. United further avers that any relevant written policies or guidelines referenced in this Paragraph speaks for themselves, and no response is required to allegations purporting to characterize them. To the extent a response is required, United denies any factual allegations stated or implied in this Paragraph, except to admit that Plaintiff has styled this action as a class action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"JURISDICTION AND VENUE"**

17.    The allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that the Court has subject matter jurisdiction over Plaintiff's claim for discrimination under 42 U.S.C. § 18116.

18.    United admits that United is incorporated and headquartered in Minnesota.

19.    The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is deemed to be required, United lacks sufficient knowledge or information to admit or deny the allegations regarding the current residences of Plaintiff and putative class members, and on that basis denies them.  United further denies any remaining factual allegations stated or implied in this Paragraph, including that Plaintiff or the putative class has been harmed in "an amount . . . that exceeds $5,000,000."

20.    The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that events in Plaintiff's Second Amended Complaint are alleged to have occurred in San Benito County, California.

21.    The allegations in Paragraph 21 state legal conclusions to which no response is required. To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that the events in Plaintiff's Second Amended Complaint are alleged to have occurred in San Benito County, California.

**"EXHAUSTION OF ADMINISTRATIVE REMEDIES"**

22.    The allegations in Paragraph 22 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

**"PARTIES"**

23.    United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 and on that basis denies them.

5

24.    United admits that it is a corporation formed and headquartered in Minnesota and authorized to do business throughout the United States, including California.  United presently lacks sufficient knowledge or information to admit or deny the allegations concerning the receipt of federal subsidies, and on that basis denies them.  The remaining allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, except as expressly admitted, United denies any remaining factual allegations stated or implied in this Paragraph.

25.    The allegations in Paragraph 25 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United lacks sufficient knowledge or information to admit or deny the allegations regarding fictitious Defendants, and on that basis denies them.

26.    The allegations in Paragraph 26 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

27.    The allegations in Paragraph 27 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

### "FACTUAL ALLEGATIONS"

28.    The allegations in Paragraph 28 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that any relevant written policies or guidelines referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

29.    Any relevant written policies or guidelines referenced in Paragraph 29 and footnote 2 speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

Gibson, Dunn & Crutcher LLP

DEFENDANT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:24-CV-00425-EKL-VKD

30.     The allegations in Paragraph 30 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

31.     The allegations in Paragraph 31 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

32.     The allegations in Paragraph 32 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that any relevant written policies or guidelines referenced in this Paragraph speaks for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

33.     The allegations in Paragraph 33 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that any relevant written policies or guidelines referenced in this Paragraph speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any remaining factual allegations stated or implied in this Paragraph.

34.     United lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 regarding the process, success rates, and average costs of IUI and IVF procedures, and on that basis denies them.  United further avers that the website linked in footnote 4 is a document that speaks for itself, and no response is required to allegations purporting to characterize it.  The remaining allegations in this Paragraph characterize Plaintiff's claims and state legal conclusions about a written "policy," which speaks for itself, and therefore no response is required to allegations purporting to characterize it.  To the extent a further response is deemed to be required, United denies the remaining factual allegations stated or implied in this Paragraph.

35.     The allegations in Paragraph 35 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that any relevant written policies or guidelines referenced in this Paragraph speaks for themselves, and no response is required to

DEFENDANT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:24-CV-00425-EKL-VKD

Gibson, Dunn & Crutcher LLP

allegations purporting to characterize them.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

36.    The "health insurance plans" referenced in Paragraph 36 and footnote 5 are in writing and speak for themselves, and no response is required to allegations purporting to characterize or quote those plans.  The remaining allegations concerning United's amendment of certain policy language constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that it is aware the definition of "infertility" relating to some of the health benefit plans at issue changed in or around July 2023.

37.    The allegations in Paragraph 37 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that it lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph concerning whether members of Plan BCWN (550) for Insperity Holdings, Inc. are "in non-heterosexual relationships," and on that basis denies them.  United further avers that the referenced health insurance plans are in writing and speak for themselves, and no response is required to allegations purporting to characterize them.  To the extent a further response is deemed to be required, United denies any remaining factual allegations stated or implied in this Paragraph, except to state that not all of the plans that it administers include the same language concerning fertility benefits.

38.    The allegations in Paragraph 38 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

39.    The allegations in Paragraph 39 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis denies them.

40.    The allegations in Paragraph 40 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that Plaintiff's coverage request and United's response are documents that speak for themselves, and no response is required to

allegations purporting to characterize them.  To the extent a response is deemed to be required, United admits that Plaintiff made a request for infertility coverage, and that it sent Plaintiff a letter on April 5, 2021, informing her that the fertility services she requested coverage for were not covered under her employer's health benefit plan.  Except as expressly admitted, United denies any remaining allegations contained in this Paragraph.

41.     United lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's IUI cycles, and on that basis denies them.  United further avers that Plaintiff's coverage requests and its responses are documents that speak for themselves, and no response is required to allegations purporting to characterize them.  The remaining allegations in Paragraph 41 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that Plaintiff submitted requests for fertility service coverage between April 2021 and August 2022, some of which were denied due to Plaintiff's ineligibility under the criteria for coverage for those services stated in her employer's health benefit plan.

42.     United lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's individual experiences and circumstances, and on that basis denies them.  With respect to the remaining allegations in Paragraph 42, United avers that the coverage criteria in her employer's health benefit plan speaks for itself, and no response is required to allegations purporting to characterize or quote it.  To the extent a further response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

43.     United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 and on that basis denies them.

44.     United lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 and on that basis denies them.

45.     United lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's emotional state, and on that basis denies them.  The remaining allegations contained in Paragraph 45 characterize Plaintiff's claims and state legal conclusions to which no response is required.  United further avers that the written correspondence between Plaintiff, her

employer, and United speaks for itself, and no response is required to allegations purporting to characterize or quote those documents.  To the extent a further response is deemed to be required, Defendant denies any factual allegations stated or implied in this Paragraph, except to admit that United sent Plaintiff a letter on January 24, 2022, informing her that the fertility services she requested coverage for were not covered under the terms of her employer's health benefit plan.

46.    The letter Plaintiff's doctor sent to United on March 1, 2022 speaks for itself, and no response is required to allegations purporting to characterize or quote it.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in Paragraph 46 that differ from, are inconsistent with, or improperly characterize the March 1, 2022 letter.

47.    The letter United sent to Plaintiff on March 29, 2022 speaks for itself, and no response is required to allegations purporting to characterize or quote it.  To the extent a response is required, United denies any factual allegations stated or implied in Paragraph 47 that differ from, are inconsistent with, or improperly characterize the March 29, 2022 letter.

48.    United lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 and footnote 6 regarding Plaintiff's emotional state or personal reasons for not completing IUI cycles, and on that basis denies them.  United further avers that the letters referenced in Paragraph 48 speak for themselves, and no response is required to allegations purporting to characterize or quote them.  The remaining allegations in this Paragraph characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a further response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that after denying Plaintiff's claim for benefits coverage for the fertility services Plaintiff requested in March 2022, United received a second-level appeal letter from Plaintiff on August 5, 2022.  This appeal included an attached letter dated May 10, 2022, which United had not previously received due to an error in Plaintiff's submission.

49.    United lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 regarding Plaintiff's emotional state or personal treatment experiences, and on that basis denies them.  With respect to the remaining allegations in Paragraph 49, United avers that the written correspondence between Plaintiff and United speaks for itself, and no response is required to

allegations purporting to characterize it.  To the extent a further response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that United sent Plaintiff a letter on September 7, 2022, informing her that her second-level appeal was denied because Plaintiff had not met the criteria for coverage of the requested infertility services as stated in her employer's health benefit plan.

50.     The letter referenced in Paragraph 50 speaks for itself, and no response is required to allegations purporting to characterize or quote it.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that on November 2, 2022, United informed Plaintiff that her fertility treatments would be covered under the terms of her employer's health benefit plan.  Except as expressly admitted, United denies the remaining allegations contained in this Paragraph.

51.     United lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's emotional state and personal treatment experiences, and on that basis denies them. The remaining allegations in Paragraph 51 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

52.     The allegations in Paragraph 52 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is required, United denies any factual allegations stated or implied in this Paragraph.

53.     The allegations in Paragraph 53 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is required, United denies any factual allegations stated or implied in this Paragraph.

## "CLASS ACTION ALLEGATIONS"

54.     The allegations in Paragraph 54 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

55.    The allegations in Paragraph 55 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

56.    The allegations in Paragraph 56 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

57.    The allegations in Paragraph 57 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

58.    The allegations in Paragraph 58 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

59.    The allegations in Paragraph 59 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

60.    The allegations in Paragraph 60 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

61.    The allegations in Paragraph 61 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph, except to admit that Plaintiff's Complaint indicates that she is represented by Nichols Kaster, PLLP and the California Civil Rights Law Group.

62.    The allegations in Paragraph 62 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"CAUSE OF ACTION"**

**"Discrimination on the Basis of Sex in Violation of § 1557 of the Affordable Care Act (ACA) 42 U.S.C. § 18116"**

63.     In response to Paragraph 63, United incorporates by reference all preceding responses as though fully set forth herein.

64.     The allegations in Paragraph 64 state legal conclusions to which no response is required. United further avers that the Affordable Care Act (the "ACA") and its applicable regulations speak for themselves, and no response is required to allegations purporting to characterize or quote them.  To the extent a further response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

65.     The allegations in Paragraph 65 state legal conclusions to which no response is required. United further avers that the legal authority cited in this Paragraph speaks for itself, and no response is required to allegations purporting to characterize it.  To the extent a further response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

66.     The allegations in Paragraph 66 state legal conclusions to which no response is required. United further avers that the legal authority cited in this Paragraph speaks for itself, and no response is required to allegations purporting to characterize or quote it.  To the extent a further response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required. United further avers that the ACA and its applicable regulations speak for themselves, and no response is required to allegations purporting to characterize or quote them.  To the extent a further response is required, United denies any factual allegations stated or implied in this Paragraph.

68.     The allegations in Paragraph 68 state legal conclusions to which no response is required. United further avers that the cases cited in this Paragraph speak for themselves.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

13

69.    The allegations in Paragraph 69 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies the allegations contained in this Paragraph.

70.    The allegations in Paragraph 70 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

71.    The allegations in Paragraph 71 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

72.    The allegations in Paragraph 72 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

73.     The allegations in Paragraph 73 characterize Plaintiff's claims and state legal conclusions to which no response is required.  To the extent a response is deemed to be required, United denies any factual allegations stated or implied in this Paragraph.

## "PRAYER FOR RELIEF"

United denies any allegations contained in the Prayer for Relief and further denies that Plaintiff or any putative class is entitled to any of the relief requested or any relief at all.

\*         \*         \*

United denies that Plaintiff is entitled to relief against United and requests that the Court enter judgment for United on Plaintiff's claim and order all such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Unites asserts the following affirmative and other defenses.  United has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on United's knowledge, information, and belief at this time.  In asserting these defenses, United does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof

Gibson, Dunn & Crutcher LLP

14

upon Plaintiffs. In addition, United specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

### First Affirmative Defense

Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, because Plaintiff and the putative class members lack constitutional standing to bring the claims alleged.

### Second Affirmative Defense

Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to the extent Plaintiff or any putative class members lack statutory standing to bring the claims alleged.

### Third Affirmative Defense

Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, because the Second Amended Complaint fails to state a claim or cause of action upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to the extent they seek coverage that is precluded by the terms, conditions, limitations, and other provisions of the governing health benefit plans.

### Fifth Affirmative Defense

Claims of the putative class members are barred, in whole or in part, because unsubmitted claims are not ripe for adjudication by this Court.

### Sixth Affirmative Defense

Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to the extent they failed to exhaust United's administrative and/or contractual appeals process before pursuing their claims through this litigation.

### Seventh Affirmative Defense

Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable statute of limitations has lapsed.

1

**Eighth Affirmative Defense**

2     Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to

3     the extent that any contractual limitations period has lapsed.

**Ninth Affirmative Defense**

4

5     Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to

6     the extent that Plaintiff or any of the putative class members are subject to mandatory arbitration

7     provisions.

**Tenth Affirmative Defense**

8

9     Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to

10    the extent that Plaintiff or any of the putative class members have failed to mitigate their damages.

11

**Eleventh Affirmative Defense**

12    Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to

13    the extent any injury or damage they allegedly suffered has already been redressed.

14

**Twelfth Affirmative Defense**

15    Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to

16    the extent they have been released in settlements or other agreements.

17

**Thirteenth Affirmative Defense**

18    The claims of the putative class members are barred, in whole or in part, to the extent they are

19    subject to a covenant not to sue.

20

**Fourteenth Affirmative Defense**

21    Plaintiff's claim and the claims of the putative class members are barred, in whole or in part, to

22    the extent they are preempted by ERISA.

23

**Fifteenth Affirmative Defense**

24    To the extent Plaintiff's claim and the claims of the putative class members are governed by

25    ERISA, Plaintiff and the putative class members are not entitled to compensatory, non-pecuniary,

26    punitive or exemplary damages and/or attorneys' fees under the circumstances pled.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:24-CV-00425-EKL-VKD

**Sixteenth Affirmative Defense**

Plaintiff's claim and the claims of putative class members are barred, in whole or in part, to the extent they were over-reimbursed on any claims, or to the extent they received coverage under the challenged policies that they would not have received if United had used alternative policy language.

**Seventeenth Affirmative Defense**

Plaintiff's claim and the claims of putative class members are barred, in whole or in part, because the claimed injuries were not caused by United.

**Eighteenth Affirmative Defense**

Plaintiff's claim and the claims of putative class members are barred, in whole or in part, because United acted in good faith and did not willfully or knowingly and intentionally engage in any conduct that violated any applicable laws.

**Nineteenth Affirmative Defense**

Plaintiff's claim and the claims of putative class members are barred, in whole or in part, to the extent they seek equitable relief because Plaintiff and the putative class members have an adequate remedy at law.

**Twentieth Affirmative Defense**

Plaintiff's claim cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances.

\*        \*        \*

United expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiff's position in this litigation.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, United, having fully answered and set forth its affirmative defenses to the Second Amended Complaint filed by Plaintiff prays:

a.  That judgment be entered in favor of United and against Plaintiff on the Second Amended Complaint;

b.  That the costs of this action be awarded against Plaintiff; and,

c.  That the Court grant such other and further relief as it may deem just and proper.

DATED: March 25, 2025                     Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Heather L. Richardson*
        Heather L. Richardson

Attorneys for Defendant
United HealthCare Services, Inc.

DEFENDANT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:24-CV-00425-EKL-VKD