Lawrence A. Organ (SBN 175503)
Julianne K. Stanford (SBN 290001)
Kira Brekke (SBN 339757)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960
Tel. (415) 453-4740
Fax (415) 785-7352
Email: larry@civilrightsca.com
       julianne@civilrightsca.com
       kira@civilrightsca.com

Matthew C. Helland, (SBN 250451)
helland@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Anna P. Prakash, MN Bar No. 0351362*
aprakash@nka.com
Ricardo Perez, MN Bar No. 0505964*
rperez@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*Admitted Pro Hac Vice

Attorneys for Plaintiff and the Putative Class

*Additional Counsel on the Following Page*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Reyna Dempsey, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>United Healthcare Services, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.** 5:24-cv-00425-EKL (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

-1-

GIBSON, DUNN & CRUTCHER LLP
HEATHER L. RICHARDSON, SBN 246517
HRichardson@gibsondunn.com
LAUREN M. BLAS, SBN 296823
LBlas@gibsondunn.com
JENNAFER M. TRYCK, SBN 291088
Jtryck@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Fax: (213) 229-7520

*Attorneys for Defendants United HealthCare Services, Inc.*

1. **Jurisdiction and Service**

The Court has federal question subject matter jurisdiction over Plaintiff's Affordable Care Act claim, which arises under 42 U.S.C. § 18116.

The parties agree that venue is proper in this Court and that the Court has personal jurisdiction over all Defendants. All parties have been served.

2. **Facts**

   a. *Plaintiff's Statement*:

Plaintiff Reyna Dempsey, an individual in a non-heterosexual relationship, who, at all times relevant, was enrolled in United HealthCare Services, Inc.'s ("United") health insurance policy. In 2020, Plaintiff Dempsey and her wife began preparing to start a family. But they soon discovered that, in order to qualify for covered fertility benefits, Plaintiff Dempsey had to undergo one year of invasive and expensive Therapeutic Donor Insemination procedures. Meanwhile, individuals in a heterosexual relationship could merely self-report having unprotected sex for one year to qualify for fertility benefits. Plaintiff Dempsey believes United's policy was discriminatory towards individuals in a non-heterosexual relationship.

To qualify for fertility benefits under United's policy, Plaintiff Dempsey underwent eight cycles of IUI over the course of 16 months, from April 5, 2021, to August 24, 2022. These IUI treatments cost Plaintiff approximately $2,700 *per cycle* and caused her emotional distress. United finally began to cover her fertility benefits in November 2022 based on a year-old diagnosis of ovarian dysfunction, and Plaintiff became pregnant in March 2023. Plaintiff Dempsey believes that similarly-situated individuals in a non-heterosexual relationship who were attempting to conceive were also subjected to United's discriminatory policies and practices.

Government Employees Insurance Company ("GEICO"), as Plaintiff Dempsey's employer, was initially included as a Defendant in this matter. A settlement between GEICO and Plaintiff Dempsey has since been reached.

**b.   *Defendant United's Statement:***

As alleged in the First Amended Complaint (SAC), this is a putative class action lawsuit originally brought against Defendants GEICO and United HealthCare Services, Inc. ("United"). United was the claims administrator of GEICO's plan.

The crux of Plaintiff's theory of liability is that the fertility treatment coverage policy in GEICO's employee health plan (the "Plan") discriminates against individuals in "non-heterosexual relationships" because these individuals are purportedly unable to meet the Plan's definition of "infertility" without undergoing preliminary fertility treatments at their own expense. The principal factual issues, which the parties dispute, include, but are not limited to: (1) whether United intentionally discriminated against Plaintiff and/or the putative class; (2) whether the alleged conduct caused any loss to Plaintiff and/or the putative class; and (3) whether Plaintiff and/or the putative class was actually damaged by the conduct complained of in the SAC, and the measure of any damages.

**3.   Legal Issues**

  **a.   *Plaintiff's statement***

Plaintiff alleges that United's health insurance policy discriminates on the basis of sex against individuals in non-heterosexual relationships in violation of the Affordable Care Act, 42 U.S.C. § 18116.

Following the Court's order on United's Motion to Dismiss which held that Plaintiff Dempsey plausibly alleged that United Health's insurance policy facially discriminates on the basis of sex with respect to covered fertility service, legal issues include, but are not limited to:

a. Whether a class or classes should be certified under Rule 23 of the Federal Rules of Civil Procedure;
b. Whether Plaintiff and members of the Class are members of a protected class;
c. Whether discovery confirms that United's health insurance policy was facially discriminatory as to Plaintiff Dempsey and members of the Class by imposing additional conditions on them before they could secure fertility benefits;

d.  Whether United's health insurance policy had a disparate impact on Plaintiff Dempsey and members of the Class by imposing additional conditions on them before they could secure fertility benefits;

e.  Whether the Affordable Care Act prohibits discrimination based on sex;

f.  Whether the United qualifies as a health program or activity subject to Section 1557 of the ACA; and

g.  Whether the United receives federal financial assistance.

### b. *Defendant United's Statement:*

United contends that there is no legal basis for Plaintiff's claim, and identifies the following legal issues in dispute at this time:

a.  Whether United intentionally discriminated against Plaintiff in violation of Section 1557 of the Affordable Care Act;

b.  Whether Plaintiff can maintain claims against United to the extent she has made been whole by reaching a resolution with Defendant GEICO;

c.  Whether a class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

**4.   Motions**

### a. *Plaintiff's Statement*:

Plaintiff filed her First Amended Complaint on June 6, 2024. (Dkt. 42). United filed its Motion to Dismiss her FAC on June 27, 2024. (Dkts. 46). Plaintiff filed her Opposition to Defendant's Motion to Dismiss on August 15, 2024. (Dkt. 52). United filed its Reply Brief on October 3, 2024. The Motion to Dismiss was heard on December 4, 2024 at 10:00 a.m. On March 4, 2025, the Honorable Judge Lee denied United's Motion to Dismiss, ruling that Plaintiff Dempsey plausibly alleged that United Health's insurance policy facially discriminates on the basis of sex with respect to covered fertility service. (Dkt. 72). On March 4, 2025, Plaintiff filed her Second Amended Class Action Complaint for Damages and Restitution ("SAC"). (Dkt. 74). On March 25, 2025, United filed its answer to Plaintiff's SAC. (Dkt. 77).

Plaintiff intends to move for class certification. The Scheduling Order sets Plaintiff's deadline to file that motion for September 12. However, in light of the August 26 mediation and

the Parties' ongoing meet and confer efforts regarding discovery, Plaintiffs request an extension of that deadline to December 12, 2025. Plaintiff may move for partial summary judgment.

The parties have been engaging in written discovery. As of the filing of this Case Management Statement, there has been no need for discovery-related motion practice but such need may arise in the future.

    **b.** *Defendant United's Statement*

United will oppose class certification and may file a motion for summary judgment.

United agrees to an extension of Plaintiff's deadline to move for class certification to December 12, 2025.

**5.** **Amendment of Pleadings**

    **a.** *Plaintiff's Statement*:

Plaintiff filed her FAC on June 6, 2024. Following this Court's order on United's Motion to Dismiss, Plaintiff filed her SAC on March 4, 2025.

    **b.** *Defendant United's Statement:*

The deadline to amend pleadings in this litigation has passed, and United maintains that any further amendments require leave of Court.

**6.** **Evidence Preservation**

Counsel for the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"). The parties have also met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken to preserve relevant evidence.

Specifically, at the Rule 26(f) conference, counsel for the parties discussed the preservation of data and other ESI. Potentially relevant ESI includes, but is not limited to, information related to Plaintiff's and putative class members' requests for fertility benefits, United's responses to those requests, and communication regarding approvals or denials of requests for benefits. United maintains that information in a database. Counsel for the parties will continue to meet and confer regarding the scope of relevant ESI as necessary.

**7.** **Disclosures**

1   The Parties exchanged initial disclosures on March 25, 2025.

2   **8.   Discovery**

3       a. *Plaintiff's Statement*:

4   On March 7, 2025, Plaintiff served her first set of written discovery (Special Interrogatories and Requests for Production of Documents) on United, which focused on policy and procedure documents, as well as class certification discovery, including data to determine the size and scope of the putative classes. Since then, the parties have engaged in ongoing meet and confer efforts related to this first set of written discovery.

On July 2, 2025, Plaintiff served her second set of written discovery (Special Interrogatories and Requests for Production of Documents). Plaintiff will engage in meet and confer efforts should United's responses of Plaintiff's second set prove deficient.

On July 11, 2025, Plaintiff disclosed her class certification expert witness as required by the Scheduling Order.

Plaintiff intends to continue moving forward with discovery in the most efficient and expeditious way possible to ensure that the case remains on track.

    b. *Defendant United's Statement:*

The parties have been engaged in good faith meet and confer efforts regarding United's objections to Plaintiff's first set of Requests for Production and Interrogatories. United has also begun producing documents to Plaintiff in response to Plaintiff's discovery requests. To date, United has produced over 4,500 pages of documents. United currently expects to serve its responses and objections to Plaintiff's second set of Requests for Production and Interrogatories on August 1, 2025.

United served its first set of Requests for Production and Interrogatories on Plaintiff on June 18, 2025. By agreement of the parties, Plaintiff's deadline to respond to this discovery is August 8, 2025.

United expects to pursue additional discovery into Plaintiff's claims, including written discovery and a deposition of Plaintiff. United may also seek third-party discovery from Plaintiff's providers and members of the putative class.

Pursuant to the Court's Scheduling Order, ECF 76, United intends to identify any experts it intends to use to oppose class certification by August 8, 2025.

**9.      Class Actions**

     a.  *Plaintiff's Statement*:

Plaintiff anticipates moving for class certification . Plaintiff asserts her claims against United are on behalf of the following Class:

All individuals in non-heterosexual relationships who were enrolled in a United medical plan wherein the eligibility criteria for Infertility Services are the same or substantially similar to the requirements in the GEICO Corporation Medical, Dental and Vision Care Plan in the United States at any point from four years prior to this action's filing date through the date of trial, who sought fertility benefits under their applicable health insurance plan.

Plaintiff alleges that more than 40 members of these classes have been affected by United's policies, which Plaintiff challenges here. The common legal issues include, but are not limited to, the issues outlined above. Common factual issues include, but are not limited to, the parameters of United's health care benefits plan and the effects that plan had on class members. Plaintiff is typical of class members and adequate to represent the class because she suffered the harm alleged to be suffered by other class members and she has no conflicts with other class members. Plaintiff's counsel are adequate because they are well-versed in class action and discrimination litigation.

Plaintiff alleges that class treatment is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members. Moreover, a class action is superior to individual litigation because common questions may be resolved efficiently for the entire class. Putative class members do not have an interest in individually controlling the litigation and, as far as Plaintiff is aware there is no pending litigation concerning the matters in this complaint.

All attorneys of record for Plaintiff and United have reviewed the Procedural Guidance for Class Action Settlements.

1        **b.** *Defendant United's Statement:*

2  United will oppose class certification because Plaintiff cannot support her request to
3  proceed on a class basis under Federal Rule 23.

4  **10.   Related Cases**

5  Neither Plaintiff nor Defendants are aware of any related cases.

6  **11.   Relief**

7        **a.** *Plaintiff's Statement*:

8  Plaintiff seeks that the Court certify this as a class action as to the proposed class, with
9  Plaintiff as the Class Representative and Plaintiffs' Counsel as Class Counsel. Plaintiff also seeks
10 compensatory damages individually and as to the class, and costs and reasonable attorneys' fees.
11 Plaintiff seeks interest and penalties as provided by law, and any other relief as this Court deems
12 equitable and appropriate.

13       **b.** *Defendant United's Statement:*

14 United maintains that the proposed class should not be certified, and neither the Plaintiff
15 nor the putative class are entitled to any of the relief requested in Plaintiff's SAC, or any relief at
16 all. United further seeks the complete dismissal of Plaintiff's SAC and asserts that judgment be
17 entered in United's favor.

18 **12.   Settlement and ADR**

19 On August 26, 2025, Plaintiff Dempsey and United will participate in private mediation
20 before the Honorable Diane M. Welsh (Ret.).

21 **13.   Other References**

22 The parties do not currently believe that any other references are appropriate.

23 **14.   Narrowing of Issues**

24 The parties have not identified any areas for narrowing issues since Defendant's Motion to
25 Dismiss.

26 **15.   Scheduling**

27 On March 5, 2025, this Court adopted the parties' briefing schedule for class certification.
28 Since that time, the parties have engaged in meet-and-confer discussions regarding Plaintiff's

written discovery requests. Plaintiff has also served a second set of written discovery. United has served an initial set of written discovery on Plaintiff as well. Plaintiff has disclosed her expert for class certification. And the Parties have set a date for mediation and engaged in discussions to prepare for that mediation.

In light of the upcoming mediation and ongoing discovery efforts, the Parties jointly propose the following, modified briefing schedule for Plaintiff's Motion for Class Certification:

| Description | Deadline |
| --- | --- |
| Deadline to file motion for class certification | December 12, 2025 |
| Deadline to file opposition to class certification | January 23, 2026 |
| Deadline to file reply in support of class certification | February 24, 2026 |
| Class certification hearing and case management conference | *Court to Select* |

The Parties believe the remainder of the schedule can remain unchanged, with the exception of the Close of Fact Discovery. That deadline is currently set for May 29, 2016. The parties request that date be continued to **August 28, 2026.**

**16. Trial**

    a. *Plaintiff's Statement*:

Trial will be by jury. Plaintiff expects a 2-4 week trial.

    b. *Defendant United's Statement:*

It remains to be seen whether Plaintiff's ACA claim will proceed on a class basis and whether it will survive a potential motion for summary judgment. As such, United currently cannot estimate a length of trial. United also does not concede that trial will be by jury.

**17. Disclosures of Non-Party-Interested Entities or Persons**

    a. *Plaintiff's Statement*:

Plaintiff filed a Certification of Conflicts and Interested Entities or Persons (ECF No. 3). Plaintiff again certifies that Plaintiff is unaware of any interested parties or entities to report.

    b. *Defendant United's Statement:*

United filed its Certificate of Conflicts and Interested Entities on April 25, 2024 (Dkt. 28).

JOINT CASE MANAGEMENT STATEMENT

**18.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other Matters**

   a. *Plaintiff's Statement*:

Plaintiff is currently unaware of other matters at this time. Any junior attorneys assigned to work on this matter will be given the opportunity to attend and prepare for CMCs, draft key motions, take witness depositions, and participate extensively in trial.

   b. *Defendant United's Statement:*

United is unaware of other matters at this time.

Dated: July 23, 2025                     Respectfully submitted,

                                         **NICHOLS KASTER, LLP**

                                         By:  *s/ Matthew Helland*
                                              Matthew Helland

                                         Attorneys for Plaintiff Reyna Dempsey

Dated: July 23, 2025                     Respectfully submitted,

                                         **GIBSON, DUNN & CRUTCHER LLP**

                                         By:  *s/ Lauren Blas*
                                              Lauren Blas

                                         Attorneys for Defendants United Healthcare Services, Inc.

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Matthew Helland , hereby attest that concurrence in the filing of this document has been obtained from counsel for Defendant United Healthcare Services, Inc.

Dated: July 23, 2025                    NICHOLS KASTER, LLP

By: */s/ Matthew Helland*

-1-